## THE STATE v. SHOEMAKER.

1. Indictment for forgery in the second degree, under the 21st sect. of 4th article of the act concerning crimes and punishments. The jury found the defendant guilty, " in manner and form as charged in the within indictment:" Held, that as under this indictment the defendant could not be convicted of any inferior degree of forgery, it was unnecessary for the jury to specify in their verdict of what degree of the offence they found the defendant guilty.

2. The 14th sect. of the 9th art. of the act concerning crimes and punishments, (R. C. 1835, p. 214,) providing, that the jury may find the defendant guilty of any degree of the offence inferior to that charged in the indictment, does not change, in this respect, the rule of the common law, that the allegations and proof must correspond. If such inferior degree be included in the allegations in the indictment, then the statute applies; otherwise when the inferior degree is not so included, and is of a totally dissimilar nature from that charged in the indictment.

3. The indictment charged the counterfeit coin to be in imitation, &c., of coin, &c., of " the State of Missouri," " called a Mexican dollar." Held: that the indictment was defective, as the words "State of Missouri" were contradictory and repugnant to the subsequent part of the description, and being descriptive of a material part of the offence, could not be rejected as surplusage.

4. The 7th sect. of the 4th art. of the act concerning crimes and punishments, (R. C. 1835, p. 184,) providing, that, " Every person who shall counterfeit, &c. any gold or silver coin, *at the time current within this State, by law or usage*," &c., means that the genuine coin must be current in this State, at the time the counterfeit is made. If the genuine coin should, after the counterfeit has been made, go out of circulation, the attempt to pass the counterfeit would still be an offence under the 21st sect. of said article.

**19**

Error to the Circuit Court of Jackson County.

The State
v.
Shoemaker.

*Young, Circuit Attorney.*

The first and second counts, it is believed, are defective; but it is contended that the third count is good ; if so, the court should have given judgment against the defendant. See 1st Chit. Cr. Law, page 205, and 522, side paging ; the People v. Curling, 1st John. Rep. 320. Authorities cited to sustain the indictment : Revised Statutes of Mo. 1835, sect. 7, p. 184, and sec. 21, p. 187 ; Chit. Cr. Law, 238–9, side paging ; Hildebrand v. The State, 4th semi annual part, 5th vol. Mo. Reps. 550 ; Arch. Crim. Plead. 55–56.

*French & Sawyer for Defendant.*

1st. That it is not alleged in either the first or second counts, that the counterfeit coin were uttered and passed as *true.* See Statute Crimes and Punishments, art. 4th, sec. 21.

2d. Because the second count alleges that the counterfeit coin passed was in imitation of a piece of silver current in this State, omitting the word coin. See Statute Crimes and Punishments, art. 4th sec. 7, and same art. sec. 21.

3d. Because there is no venue laid to the allegation of the fact, that the counterfeit coin passed was made in imitation of coin current in this State.

4th. Because it is not alleged in said third count, that the counterfeit coin passed, was in imitation and similitude of any coin current in this State at the time the same was passed.

5th. Because the jury have not found of what degree of forgery the defendant is guilty. Practice in criminal cases, art. 7th, sec. 1st.

6th. Because it is not alleged in said third count, that the coin passed was made and counterfeited in imitation of a piece of money and coin of the State of Missouri.

*Opinion of the Court by Napton, Judge.*

Joseph Shoemaker was indicted by the grand jury of

Jackson county for forgery. The indictment contains three counts, all framed upon the 21st section of the 4th article of the act concerning crimes and their punishment; the two first counts, containing a charge of passing as true counterfeit money; and the third count for attempting to pass counterfeit money. The two first counts are abandoned as defective ; and the verdict of the jury being only on the third count, it is necessary only to state the substance of the last count. That count charged, that the defendant on, &c., at, &c., one piece of false and counterfeit money and silver coin, made and counterfeited in imitation and similitude of a piece of good, legal, and current money and silver coin of this State, called a Mexican dollar, of the value of one dollar, at that time current within this State by law and usage, and in actual use and circulation within this State, then and there, feloniously, did offer and attempt to pass, utter and publish as true, to one B. P. Franklin, with intent then and there him the said Franklin to defraud, he the said defendant at the time when he so offered and attempted to pass as true said false and counterfeit money and silver coin ; then and there well knowing the same to be false and counterfeit, against the form, &c.

Upon this indictment the defendant was tried and the jury found him guilty " in manner and form as charged in the indictment, and assessed his punishment to imprisonment in the Penitentiary for seven years." The defendant moved to arrest the judgment because of defects in the indictment, which motion was sustained by the court, and the court, upon the evidence given, ordered the defendant into the custody of the sheriff to await the further prosecution of the offence. The circuit attorney excepted to the opinion of the court in staying the judgment, and brought the record to this court by writ of error.

The defendant in error relies upon two grounds to maintain the opinion of the circuit court in arresting the judgment ; material defects in the indictment, and a defective verdict.. I will first examine the objections to the verdict.

The 14th section of the 9th article of the act concerning crimes and punishments, provides, that upon an indictment

SEPT'R TERM, 1841.

The State
v.
Shoemaker.

Indictment for forgery in the second degree, under the 21st sect. of 4th art. of the act concerning crimes and punishments. The jury found the defend't guilty, "in manner and form as charged in the within indictment:" Held, that as under this indictment the defendant could not be convicted of any inferior degree of forgery, it was un-

SEPT'R TERM, 1841.

The State
v.
Shoemaker.

necessary for the jury to specify in their verdict of what degree of the offence they found the defendant guilty.

The 14th sect. of the 9th art. of the act concerning crimes & punishments (R. C. 1835, p. 214,) providing, that the jury may find the defendant guilty of any degree of the offence inferior to that charged in the indictment, does not change, in this respect, the rule of the common law, that the allegations & proof must correspond. If such inferior degree be included in the allegations the indictment, then the statute applies; otherwise, when the inferior degree is not so included, and is of a totally dissimilar nature from that charged in the indictment.

for any offence, consisting of different degrees, as prescribed by this act, the jury may find the accused not guilty of the offence charged in the indictment, and may find him guilty of any degree of such offence, inferior to that charged in the indictment, or of an attempt to commit such offence." The first section of the 7th article further provides, that "upon the trial of any indictment for any offence, where by law there may be conviction of different degrees of such offence, the jury, if they convict the defendant, shall specify in their verdict of what degree of the offence they find the defendant guilty."

The proper construction of these sections, was incidentally noticed by this court in the case of Watson (5 Mo. R. p. 497 ; ) in the case of Mallison, (6 Mo. R. p. 399;) and in Plummer's case, (6 Mo. Rep. 240.) It was held by the court in those cases, though the point was only collaterally before them, that the fourteenth section could not have been intended to dispense with the rules of the common law, and I may add, of common justice, that the allegation and proofs must correspond. If the inferior degree of offence, of which the party is convicted, be included in the allegations of the indictment, a conviction of such inferior degree is consistent with established principles. But if the other offence be of a totally dissimilar nature, and no count in the indictment contains any description of the inferior offence proved, no judgment could be given against the defendant upon such proof. If, for example, the indictment charges a forgery in the second degree, which our statute declares to consist in counterfeiting coin, or in passing or attempting to pass such coin, the defendant cannot be legally convicted of forgery in the third degree, which consists in making false entries in books with fraudulent intent, &c.

In this case the jury found the defendant guilty in manner and form as charged in the indictment. The indictment charged the crime of forgery in the second degree. An examination of the other degrees of that offence, specified in the statute, inferior to the second degree, makes it apparent that the defendant could not, under this indictment, have been found guilty of any inferior degree of forgery ; it

was, therefore, perfectly unnecessary for the jury to specify, of what degree of forgery they found the defendant guilty. The allegations of the indictment, described the second degree of forgery alone, and finding these allegations true, they necessarily found him guilty of the second degree of forgery. The assessment of the punishment is also consistent with such finding. The verdict of the jury was therefore legal, and no cause for arresting the judgment.

Two objections have been taken to this indictment. It is first objected, that the money charged to have been counterfeited, was in imitation and similitude of a " piece of good legal and current money and silver coin of the State of Missouri." The objection is technical; but it has not the less force on this account, in a criminal case, where the courts are bound to see even the technicalities of the law complied with. It is plain that the words " of the State of Missouri," cannot be rejected as surplusage, they being a description of a material part of the offence. The expression is contradictory and repugnant to the subsequent part of the description, where the prosecutor describes the coin as a Mexican dollar, current within this State by law and usage. If these contradictory and repugnant expressions did not enter into the substance of the offence, they might be rejected as surplusage. 1 Chitty Cr. Law, 238. Or if the prosecutor, after describing the coin counterfeited, as a Mexican dollar, current within this State, had pursued his description by representing the same as a silver coin *of the State of Missouri*, the latter expression might have been rejected as inconsistent with, and repugnant to the former averment ; but where the objectionable words are not concontradicted by any thing which goes before, but are really irreconcileable with some subsequent allegation, they cannot be thus rendered neutral. 1 Chitty Cr. Law, 238.

The indictment charged the counterfeit coin to be in imitation, &c., of coin, &c., of " the State of Missouri," "called a Mexican dollar." Held: that the indictment was defective, as the words "State of Missouri," were contradictory and repugnant to the subsequent part of the description, and being descriptive of a material part of the offence, could not be rejected as surplusage.

If the expression " current coin of this State," was even ambiguous, and capable of two meanings, this court is bound to take that meaning which would support the indictment, and not that which would defeat it; but a court is not at liberty arbitrarily to give a meaning to words inconsistent with the habits and understanding of mankind.

If the coin had been described as current coin of Great Britain, or current coin of France or Mexico, but one meaning could have been applied to such expressions. And though, it is true, that with a previous knowledge that this State cannot, so long as our present form of government continues, coin money, a doubt might arise as to the meaning of "current coin of this State," yet that doubt is raised not by any ambiguity in the phrase itself, but from a knowledge that no such coin, taking the expression in its ordinary acceptation, can exist. This objection, taking it in any point of view, then, must be fatal; though it is much to be regretted that niceties should be allowed to impede the administration of justice.

As the defendant in error is held to bail under another indictment for the same offence, it is proper that an opinion should be expressed on the second objection stated in the motion in arrest. It is urged, that the words "at the time current within this State by law and usage," are not laid with a venue, but refer to the time when the counterfeit coin was made, and not to the time when it was passed as true, or attempted to be passed as true. The seventh section of the 4th article, declares every person guilty of forgery in the second degree, who counterfeits any gold or silver coin, at the time current within the State, by law or usage. By this it is clearly to be understood that the genuine coin must be current in this State, at the time the counterfeit is made. The 21st section then declares every person guilty of the same offence, who passes as true, or attempts to pass as true, any counterfeit of any gold or silver coin, the counterfeiting of which is declared forgery in the 7th section. The time when the genuine coin must be in circulation, is then referred to the time when the counterfeit coin is made, and not to the time when it is passed, or attempted to be passed. If the genuine coin should, after the counterfeit coin has been made, go out of circulation, the attempt to pass the counterfeit would still be an offence under the 21st section. The indictment is good, therefore, in this respect; the time mentioned referring to the time when the counterfeit coin was made and not when it was passed.

The 7th sec. of the 4th art. of the act concerning crimes and punishments, (R. C. 1835, p. 184,) providing, that "every person who shall counterfeit any gold or silver coin, at the time current within this State by law or usage," means that the genuine coin must be current in this State, at the time the counterfeit is made. If the genuine coin should, after the counterfeit has been made, go out of circulat'n, the attempt to pass the counterfeit would still be an offence under the 21st sec. of said article.

Judgment affirmed.