13 209
154 83

## HENLEY vs. ARBUCKLE, Guardian of MOBBERLY.

1. Where a verdict of a jury is substantially defective in omitting to find a material issue, the circuit court cannot supply the defect; but where a verdict is merely informal, the court may put it in proper form.
2. A substantial omission in the verdict of a jury, may be supplied by the court, with their consent, so as to make it conform to their intention.

### APPEAL FROM HENRY CIRCUIT COURT.

### STATEMENT OF THE CASE.

This was an action of detinue, for six slaves, to which the defendant pleaded the former statute general issue, applicable to all actions; upon which there was a jury trial. The record contains a formal verdict and judgment for the plaintiff. From a bill of exceptions in the cause it appears, the jury returned a verdict in which they state that they find "the slaves, (specifying them) to be the property of the plaintiff, as mentioned in the declaration," and assess the value of each slave separately, and find nothing more. Before the jury were discharged the court enquired of them, whether they were willing the court should put their verdict into form, to which they assented, and were discharged before the attestation was made, and to which there was no objection. Afterwards the defendant moved for a new trial, because (among other reasons not applicable to this ground of objection) the jury returned no verdict upon which a judgment could be rendered. There was also a motion in arrest of judgment on account of defects in the original finding of the jury. These motions were overruled and final judgment was given in favor of the plaintiff, from which the defendant appealed to this court.

27

WINSTON, for appellant.

The point which I will urge to the court is, that the finding of the jury is not such an one as authorized the court to give judgment against the defendant. The jury did nothing more than find that the slaves sued for were the property of the plaintiff, and assess the value of them, without any specific finding against the defendant, and without any finding that the same ever had been in the possession of the defendant, or that he had detained them from the plaintiff.

The issue joined was not whether the slaves were the property of the plaintiff, but whether or not the defendant unlawfully detained the slaves of the plaintiff, and the finding of the jury was only of a part of the issue, and the court could not properly render a judgment against the defendant, unless the jury had found the entire issue against him.   From all that appears from the finding, though the slaves belonged to the plaintiff, yet the defendant might never have been in the possession of them, and never have detained them from the plaintiff, and the court could not have presumed this in favor of the verdict, for the jury did not say in their verdict that they found for the plaintiff, or that they found against the defendant, but simply found the slaves sued for to be the property of the plaintiff and assessed the separate value of each, and this was all they did find.

I will cite the court to the following authorities.   5 Mo. Rep. 52, 3; 4 Mo. Rep. 446; 6 Mo. Rep. 52; 3 Mo. Rep. 390; 1 Mo. Rep. 183, 283, 300-1; 3 Mo. Rep. 275.

All these cases establish the doctrine that a verdict must find all the issues, or the judgment will be arrested.

LEONARD & BALLOU, for appellees.

1. A verdict may be amended in the circuit court, from the minutes, or even from the memory of the judge, and so this amendment may have been made upon sufficient grounds.   Logan vs. Ebden, 1 Burr. Rep. 383; Newcomb vs. Green, 2 Strange, 1197; Mayo vs Archer, 1 Strange, 514; Petrie vs. Hannay, 3 Term Rep. 659; Clark vs. Lamb, 8 Pick. Rep. 416.

2. Whether it was or was not made on sufficient grounds, does not appear in the record. The application to amend, and the grounds upon which the amendment was made, are not preserved in the bill of exceptions, and the presumption therefore stands that it was rightly made.

3. If it did appear, and the grounds so appearing were insufficient to warrant the amendment, yet, no exception is taken to the allowance of the amendments, and therefore the objection cannot now be made here.   Shelton vs. Ford & Whiteside, 7 Mo. Rep. 211 ; Cox vs. Kitchen, 1 Bos & Pull, 339 ; Vauxl. vs. Campbell, 8 Mo. Rep. 227.

4. If all this were otherwise, the finding and what passed in the court before the jury were discharged, authorised the court to make the amendment.

NAPTON, J., delivered the opinion of the court.

We cannot see any substantial objection to the course pursued by the circuit court.   The verdict as it appears on the record is formal.   A bill of exceptions is filed with a view to show that this verdict was never rendered by the jury.   This bill states two facts, first, that an informal, perhaps an incomplete verdict was rendered by the jury; the verdict being, that the plaintiff was the owner of the slaves in controversy, without further stating that the defendant detained them.   It also appears,

in the same way, that the court advised the jury that their verdict was not in due from, and enquired of them if they were willing that it should be put in proper form, to which an affirmative response was made.

It is not pretended that the court may. not exercise this power in a suitable case. But the objection is, that the verdict was not merely informal, but substantially defective in omitting to find a material issue, and that this defect could not be supplied by the court. If this objection existed in point of fact, it would certainly be a good one. It will not be claimed, that the courts can substitute their findings for those of the juries. But we understand the verdict of the jury, as reported in the bill of exceptions, to be merely a general verdict for the plaintiff. We suppose the circuit court so understood it, and that the jury so understood it. If the construction were doubtful, that court heard the testimony, and knew the real matter of controversy and was better enabled to interpret the finding of the jury than we could be. Doubtless in this as in other actions of detinue, the only controversy which the jury understood to exist was, as to the right of property. There was probably no dispute about the detention by the defendant.

But again, the objection is purely technical, and may well be encountered in the same spirit. It does not appear, but that the court fully explained to the jury the omission in their verdict, and that their consent was given to supply it. The bill of exceptions does not exclude such an inference.

Judgment affirmed.