THE STATE OF MISSOURI, Respondent, v. JOHN STEPTOE, Appellant.

### January 31, 1876.

1. The statutory provision that, "when two or more persons are charged with having committed an offense jointly, all concerned shall be included in one indictment," has no application to separate prosecutions not charging joint criminality.

2. Where it is made to appear that the verdict, as recorded, is different in form from the original handed in by the jury, it will be presumed that the alteration was made by direction of the court, with the consent of the jury. Such consent need not be entered on the record.

3. When the only count in an indictment charges robbery in the first degree, it is not necessary for the verdict to specify the degree of the crime committed, unless the jury find it to be inferior to that charged in the indictment.

APPEAL from the St. Louis Criminal Court.

*Affirmed.*

*P. W. Fauntleroy* and *James W. Hutchings*, for appellant, cited: State *v.* Jennings, 36 Mo. 372; State *v.* Davidson, 38 Mo. 374; State *v.* Farrar, 38 Mo. 457.

*J. C. Normile*, Circuit Attorney, for respondent, cited: Wag. Stat. 1107; State *v.* Matrassey, 47 Mo. 295.

LEWIS, J., delivered the opinion of the court.

The defendant was convicted of robbery in the first degree, upon an indictment against him alone. It appeared from the testimony that the crime was perpetrated by the defendant jointly with one Simon Coen, against whom a separate charge for the same offense was prosecuted in the Court of Criminal Correction. Upon these facts the defendant moved to quash the indictment, under color of the following statutory provision: " When two or more persons are charged with having committed an offense jointly, all concerned shall be included in one indictment." Wag. Stat. 1089, sec. 20. The defendant's interpretation of this statute is manifestly unauthorized. The true intent is that, if in any one proceeding the charge is that two or more

persons have committed an offense jointly, the indictment must be so framed as to hold all to accountability for the act; and not so as to leave some of them to be prosecuted under a different indictment for the same offense. Thus, if in an indictment it be charged that A and B jointly killed C, it will not do to hold A alone in that indictment responsible for the crime of murder, and in another indictment, which recites the same joint killing, to hold B alone responsible. In the indictment under consideration there was no allegation that the defendant's crime was committed jointly with another person. It is not intended that, where a man is charged solely with the commission of a crime, the prosecution must fail if it appear that in some other court or proceeding another man is charged with having helped him in the perpetration. According to the defendant's interpretation, neither of two joint robbers or murderers could ever be punished if one should chance to escape identification and indictment. The motion to quash was properly overruled.

The verdict, as it appears in the certified transcript, was as follows: "We, the jury, find defendant, John Steptoe, guilty of robbery, and assess his punishment at ten years in the state penitentiary." A certificate of the clerk is appended to the record, stating that the true verdict rendered by the jury and accepted by the court was as follows, *verbatim et literatim:* "We the jury in the case of the State of Missouri against John Steptoe, find the defendant guilty and assess punishment for ten years penitentiary." An agreement between the attorneys is also appended, to the effect that the record is to be considered as amended in conformity with the certificate above mentioned. This agreement appears to have been acknowledged before the clerk, in his office, but is not stated to have been filed as a stipulation of record in this cause. Waiving the irregularity of these entries — which we would be justified in disregarding altogether — we do not perceive that they

can disturb the sufficiency of the verdict. The paper, as handed in by the jury, may have been informal. But the court had authority to correct it, with the consent of the jury, and, as an irregularity is never to be presumed, we may assume, in the absence of any showing to the contrary, that the formal verdict entered upon the record was so shaped by direction of the court, with the jury's consent. The consent so given was not necessary to be entered on the record. There was but one count in the indictment, and that for robbery in the first degree. It was, therefore, not essential to specify in the verdict the degree of the crime committed. No degree of offense being found inferior to that charged, a general verdict is sufficient for a conviction upon the indictment as framed. *State* v. *Matrassey*, 47 Mo. 295; *State* v. *Shoemaker*, 7 Mo. 177. The other judges concurring, the judgment will be affirmed.

