E. ACTON, Respondent, *v.* W. DOOLEY, Appellant.

February 10, 1885.

1. PRACTICE — AMENDMENT — VERDICT. — The trial court may, at any time, from competent evicence, amend a verdict so as to make it express the manifest intention of the jury.

2. —— PETITION. — In an action of ejectment, where the petition erroneously uses the word "east" for the word "west," in describing the land, the court may, at the next term, to which the motion for a new trial has been continued, permit an amendment of the petition, and may correct the verdict to conform thereto.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Affirmed.*

WALKER & WALKER, with whom are LUCIEN EATON and J. M. HOLMES, for the appellant: After the verdict has been received and the jury discharged, no amendment in substance is proper. — *Wright* v. *Philips,* 2 Greene, 191; *Snell* v. *Navigation Co.,* 30 Me. 337. Whenever a plaintiff amends his declaration the defendant has an election to plead *de novo.* — *Webb* v. *Wilkie,* 1 Cairnes' Rep. 104; *Neidenberger* v. *Campbell,* 11 Mo. 357.

FISHER & POWELL, for the respondent: The amendment was properly allowed. — Rev. Stats., sects. 3565, 3567, 3569; *Bruner* v. *Marcum,* 50 Mo. 405; *Horskotle* v. *Menier,* 50 Mo. 158; *Jones* v. *Whilsett,* 79 Mo. 188; *Young* v. *Glascock,* 79 Mo. 574.

THOMPSON, J., delivered the opinion of the court.

This is an action of ejectment. It is the same case which was before this court and reported in 6 Mo. App. 323, and which was before the supreme court and reported in 74 Mo. 63. It was held by the supreme court that the plaintiff was not estopped from recovering the land in

controversy by his conduct in relation thereto. In the opinion of this court by LEWIS, P. J., and also in the opinion of the supreme court by Henry, J., the facts of the case and the real controversy between the parties were stated, from which it appears that the only controversy related to the boundary between the plaintiff's lot and the defendant's lot, the plaintiff claiming that the defendant had built his house and fence so as to overlap the boundary line and encroach upon the plaintiff's lot to the extent of from four to four and one-half inches. The petition, as it stood at the time of the former trial and also at the time of the trial from which this appeal is taken, describes the land as follows: "Being a strip of ground on the east side of lot number five (5), in block number nine (9), in city block number nine hundred and fifty (950), of William C. Carr's addition to said city of St. Louis, Missouri, of the width or front on Carr Street of four and one-fourth inches ($4\frac{1}{4}$) by a depth of one hundred and fifty-three feet and nine inches to an alley; commencing at the southeast corner of said lot number five (5), thence running east four and one-fourth inches along the northern line of Carr Street in said city; thence running northwardly $153\frac{4}{12}$ feet to a point in the southern line of the alley north of said lot five (5), four inches west of the northeast corner of said lot number five (5); thence east four inches along the southern line of said alley to the northeast corner of said lot number five (5); thence south along the eastern line of said lot number five (5) one hundred and fifty-three and $\frac{9}{12}$ feet to the place of beginning." Tracing these calls on paper, it is seen that the land which the petition calls for is in the shape of two long triangles touching each other at a common point, so as to form, not one strip of ground, but two triangular pieces lying (so to speak) between the arms of a narrow and elongated letter X. This will appear

from the following diagram, of which the dotted line is the eastern boundary of the plaintiff's lot, as claimed by him :

The answer was a general denial and a plea of the statute of limitations. It was filed on the 26th of April, 1877. There was a reply filed on the same day. On the issues thus made up the cause again went to trial on the 9th of April, 1884, before a jury. The plaintiff offered in evidence a stipulation of the parties to the effect that the parties derived their proper title by mesne conveyances from Wm. C. Carr, and his grantees; the defendant Dooley to lot four, and the plaintiff Acton to lot five, of block nine (now city block 950) of Wm. C. Carr's addition to the city of St. Louis, according to the plat thereof now of record in the office of the recorder of St. Louis County, to which plat reference is made. This stipulation, not to restrict or limit the range of evidence of either party. He also offered evidence tending to show that the true boundary line

between lots four and five of block nine of Carr's  *   *   * addition to the city of St. Louis, was four and one-fourth inches east of the ground occupied by defendant at the front of said lot, and four inches east of the ground occupied by defendant at the rear of said lot, and tending to prove plaintiff's right to possession of the land as described in the petition, *as amended and now on file.* The defendant, to sustain the issue on his part, offered evidence tending to show that the boundary line between said lots corresponded with the eastern line of the ground actually occupied by the defendant. This was all the evidence.

The court, at the instance of the plaintiff, gave the jury the following instructions : " If the jury believe from the evidence that the strip of ground in controversy belongs to and is a part of lot No. 5, in block No. 9, of William C. Carr's third addition to the city of St. Louis, and that the defendant entered into and upon said land at or prior to September 28, 1875, and held possession of the same against plaintiff on said last named date, then the jury will find for the plaintiff. If the jury find for the plaintiff, they will state in their verdict the amount of the land sued for herein for which they so find in his favor, and they will then assess the plaintiff's damages at one cent and the monthly rents and profits of said premises at the sum of one cent." To the giving of which instruction the defendant excepted.

The defendant then requested the court to give the following instruction : " If the jury find from the evidence that the strip of ground in controversy is within the limits of lot No. 4, of block No. 9, of Wm. C. Carr's third addition to the city of St. Louis, according to the original monuments and land marks placed to define the plat of said addition, and as originally surveyed and recorded, the jury will return a verdict for defendant." Which instruction the court refused to give, and the defendant excepted.

The court then gave, at the instance of the defendant,

the following instruction : " The burden of proof is on the plaintiff Acton to establish affirmatively his claim to the strip of ground in controversy. Hence, if Dooley has paper title or deeds for lot No. 4, and Acton like title to lot No. 5, and if the strip of ground in controversy was, prior to the institution of this suit (September 28, 1875), occupied and possessed by Dooley, the burden of proof is on Acton to show by a preponderance of evidence that such occupation and possession by Dooley are actually on lot 5, and not on lot 4. And in forming their verdict, the jury will take into account all the facts and circumstances of the case as brought out in the evidence brought before them. And if Acton fails to show by a preponderance of evidence that said occupation and possession by Dooley of said strip are actually on lot 5 and not on lot 4, the jury will return a verdict for defendant."

Thereupon the jury returned a verdict in words and figures as follows: " We, the jury in the above entitled cause, find for the plaintiff, entitling him to the possession of the following described premises, situated in the city and county of St. Louis and state of Missouri, to wit: Being a strip of ground on the east side of lot number five (5) in block number nine (9), of city block number nine hundred and fifty (950), of Wm. C. Carr's addition to said city of St. Louis, Missouri, of the width or front on Carr Street of four and one-fourth inches ($4\frac{1}{4}''$) by a depth of one hundred and fifty-three feet and nine inches to an alley ; commencing at the southeast corner of said lot number five (5); thence running east four and one-fourth inches along the northern line of Carr Street in said city ; thence running northwardly $153\frac{9}{12}$ feet to a point in the southern line of the alley north of said lot five (5) four (4) inches west of the northeast corner of said lot number five (5); thence east four inches (4) along the south line of said alley to the northeast corner of said lot number five (5); thence south along the eastern line of

said lot number five (5) one hundred and fifty-three and nine-twelfths feet to the place of beginning ; and being so entitled to the possession thereof, and assess the plaintiff's damages at one cent and the monthly rents and profits of said premises at the sum of one cent.

"ST. LOUIS, Mo., 12th May, 1884.

"LOYD G. HARRIS, Foreman."

It will be perceived that the description of the land in this verdict is in the exact words of the petition, as it read when the case was tried and the verdict rendered.

A motion for new trial was then filed on the usual grounds, none of which questioned the form or sufficiency of the verdict. The bill of exceptions then recites as follows: "And afterwards, to wit, on the 7th day of July, A. D. 1884, the court, at the instance of plaintiff and against the objections of the defendant, permitted plaintiff to amend his petition by striking out the word ' east' in the eighteenth line of the first page thereof, and substituting in lieu thereof the word ' west.' To which ruling and order of the court the defendant, by his counsel, then and there at the time duly excepted ; and thereupon afterwards, upon the said 7th day of July, A. D. 1884, the court, of its own motion, and against the objection of defendant, amended the verdict of the jury by striking out the word ' east ' in the twentieth line of the first page thereof, and substituting in lieu thereof the word ' west.' To which ruling, order, and action of the court, defendant, by his counsel, then and there at the time duly excepted." And afterwards, on the 7th day of July, 1884, the court rendered judgment for the plaintiff, conformably to the petition and verdict as amended. Thereafter the defendant made a motion to set aside this judgment, on the ground (among others) that the court had no power to amend the verdict after it had been returned by the jury, that it erred in amending it, and that the court

erred in permitting the plaintiff to amend his petition after verdict. This also was overruled and an exception saved.

We have deemed it important to quote from the record thus fully in order to show how the single question presented for decision arose, namely, whether the court erred in permitting the plaintiff to amend the petition after verdict, and in amending the verdict itself.

It is plain that the court committed no error in these rulings. As to the amendment of the petition, the statute, (Rev. Stats., sect. 3567) is a complete answer to the plaintiff's contention. For the purposes of this section final judgment is not deemed to have been rendered so long as a motion for new trial is pending; for although it is the practice to enter judgment immediately on the rendition of the verdict, yet during the pendency of a motion for new trial, although it is continued to another term, the cause is kept in the breast of the judge for the purposes of amendment as fully as though no entry of judgment had been made of record.

As to the amendment of the verdict by the court of its own motion, it is equally clear, both upon principle and authority, that it furnishes no ground of exception. Amendments are always regarded as a matter of sound discretion; and on appeal or error the rule with reference to discretionary action of the court below is, that such action is always presumed to be correct, unless the contrary plainly appear. In cases where the propriety of an amendment which was made in the trial court is questioned on appeal or writ of error, the record is examined, not for the purpose of seeing whether the ruling may be vindicated, but for the purpose of seeing whether grounds are offered for the conclusion that the discretion of the court was illegally exercised to the prejudice of the party complaining. Here the record not only affords no material for concluding that the

discretion of the court was abused, but it affirmatively
shows that the amendment of the petition was permitted in
order to correct a manifest clerical error in the petition in
one of the clauses therein, and that the amendment of the
verdict was made in order to make it conform to the peti-
tion as thus amended.   It is manifest that both amend-
ments were made so as to make the petition and the verdict
conform to the real issue which had been submitted to the
jury, as understood by the court, by both parties to the
controversy, and by the jury.   This clearly appears from the
recital in the bill of exceptions, that the plaintiff offered evi-
dence tending to show that the true boundary line between
lots four and five, of block nine, of Carr's addition to the
city of St. Louis, was four and one-fourth inches east of the
ground occupied by the defendant at the front part of said
lot, and four inches east of the ground occupied by the de-
fendant at the rear of said lot, and tending to prove plain-
tiff's right of possession of the land as described in the
petition *as amended;* and that the defendant, to sustain the
issues on his. part, offered evidence tending to show that the
boundary line between said lots corresponded with the
western line of the ground actually occupied by the defend-
ant.   No language could make more clear and certain what
the issue really was.   In addition to this, the instructions
of the court throughout, including those offered by the de-
fendant, speak of the land in controversy as a " strip of
ground."   But two triangular pieces of ground which merely
touch each other at a common point could not, by any en-
largement or looseness in the use of terms, be called a
" strip of ground."

If the question is considered upon authority, the conclu-
sion is equally clear.   The adjudged cases show that ever
since the reign of Charles I. the courts have exercised freely
the power of amending verdicts of juries so as to correct
manifest errors, both of form and substance.   *Chapman* v.

*Gale,* 2 Lev. 22 ; *Eddows* v. *Hopkins,* 1 Doug. 376 ; *Harris* v. *Davis,* 1 Chit. 625 ; *Doe* v. *Perkins,* 3 T. R. 749 ; *Henry* v. *Mayor of Lyme Regis,* 6 Bing. 100 ; *Richardson* v. *Mellish,* 3 Bing. 334 ; *s. c.* on error, 7 Barn. & Cres. 819 ; *Clark* v. *Lamb,* 8 Pick. 415 ; *Murphy* v. *Stewart,* 2 How. (U. S.) 263, 279 ; *Hay* v. *Ousterout,* 3 Ohio, 384. These amendments have been contantly permitted after the lapse of the term at which the cause was tried, and even after writ of error brought and joinder in error. *Clark* v. *Lamb,* 6 Pick. 512, and 8 Pick. 414 ; *Murphy* v. *Stewart, supra,* and cases cited. In respect of the evidence upon which amendments of verdicts may be made, the broad rule was laid down by Mr. Justice Story in the cases last cited, and it is borne out by numerous authorities, that they may be made from the judge's notes of the evidence, or from any other evidence equally clear and satisfactory which may be submitted to the consideration of the court. Our own decisions, so far as they speak upon the question, go to confirm the general doctrine of the decisions in other jurisdictions, as above stated. *Bosse* v. *Thomas,* 3 Mo. App. 472, 479 ; *The State* v. *Steptoe,* 1 Mo. App. 19 ; *Ranney* v. *Bader,* 48 Mo. 539 ; *State ex rel.* v. *Knight,* 46 Mo. 83 ; *Henley* v. *Arbuckle,* 13 Mo. 209. A limitation of the rule is that the amendment must, in all cases, be such as to make the verdict conform to the real intention of the jury. It is scarcely necessary to say that the judge can not, under the disguise of amending the verdict, invade the exclusive province of the jury, or substitute his verdict for theirs ; but it is not claimed that the court did this in this case, nor does the record afford any color for such a claim.

No other ground of error has been urged which requires discussion. The judgment is affirmed. All the judges concur.