STATE OF MISSOURI, Respondent, *v.* W. A. MOREHEAD, Appellant.

April 7, 1885.

CRIMINAL LAW—SEPARATE INFORMATION AGAINST CO-PRINCIPALS.—That another person had been tried for the same offense, under another information, is no defence to an action for an attempt to commit an abortion.

APPEAL from the St. Louis Court of Criminal Correction, NOONAN, J.

*Affirmed.*

J. F. MERRYMAN, for the appellant.

J. R. CLAIBORNE, for the respondent.

ROMBAUER, J., delivered the opinion of the conrt. ·

This is a proceeding by information against the defendant under section 1268, Revised Statutes of 1879. He was found guilty, and sentenced to the payment of a fine of five hundred dollars, and to imprisonment in the city jail for a term of six months.

The offense is the same for which John L. Fitzporter was convicted October 15, 1884. The record in this case is almost identical with the record in the Fitzporter case. In the opinion delivered in that case at the present term, *ante*, p. 271, we have passed in detail upon all objections made to the validity of the judgment of the trial court. We therefore simply refer to that opinion for our rulings, without reiterating them.

There is only one point arising upon this record which was wanting in the Fitzporter case.

The defendant upon the trial below, without objection on part of the state, gave in evidence the record of the Fitzporter case, by which it appeared that Fitzporter and others had been convicted for this same offense. No notice was taken of this matter by the court in its instructions to the jury. The defendant in his motion for a new trial, assigns among other grounds the following:

9. "Because two persons had been separately from this defendant, and jointly with another, charged and convicted of this same offense, viz: committing an attempted abortion on Katie Fiedler on August 27, 1884, and Dr. Morehead could not be legally convicted of the same identical offense on an independant and separate information."

10. "Because Dr. Morehead was not charged as an accessory before or after the fact with Fitzporter and Burke, but was charged as a principal."

Defendant has filed no brief in the case and has referred us to nothing in support of this objection. We have examined it, however, carefully and find it without merit. The defendant, Morehead, was not joined in the

information against Fitzporter and Burke, and is not in a position to avail himself of that information either in bar or abatement. This point was decided by analogy and adversely to defendant's claim in *State* v. *Steptoe* (1 Mo. App. 19), affirmed on appeal (65 Mo. 642). ·

There being no merit in this appeal, the judgment of the trial court is with concurrence of all the judges affirmed.