## HODGKINS v. MEAD.

### (City Court of Brooklyn, General Term. May 27, 1889.)

1. TRIAL—VERDICT—AMENDMENT.

In an action by a broker for his commissions, defendant contended that payment of the commissions was conditional on the completion of the contract by the purchaser, but no question was raised as to the amount. The court charged that, if the jury found for plaintiff, he was entitled to the amount sued for. A sealed verdict finding for plaintiff, without specifying the amount, was delivered, and the jury discharged. Held, that the court properly amended the verdict by inserting the amount sued for.

2. SAME—AFFIDAVIT OF JURORS.

In such case, the affidavits of the jurors may be considered, to show what they intended to be understood as their verdict.

Appeal from trial term.

Action by Frank B. Hodgkins against Sarah F. Mead for commissions as a real-estate broker. Defendant appeals from an order amending verdict in favor of plaintiff.

Argued before VAN WYCK and OSBORNE, JJ.

Sewall Sergeant, for appellant.     Henri Pressprich, for respondent.

OSBORNE, J. Plaintiff brought this action to recover the sum of $800 and interest, for his commission as a real-estate broker, in effecting a sale of certain real property of the defendant for the price of $80,000. The defendant set up, as a defense to plaintiff's claim, that the payment to him of his commission was conditional on the purchasers carrying out their contract with defendant, but no question was raised as to the amount of the commission.

At the close of the evidence the learned trial judge charged the jury, *inter alia*, as follows: "If there was no special agreement between the plaintiff and Mr. Mead, representing Mrs. Mead, as to the payment of this commission, then the plaintiff is entitled to the usual commission of one per cent., with interest, amounting to eight hundred and forty-eight dollars,"—and again: "If, on the other hand, there was no condition, * * * the plaintiff would be entitled to a verdict." The jury retired late in the afternoon, and, after waiting some time for their verdict, it was agreed by the respective counsel that the jury might deliver a sealed verdict to the officer in charge of them, if they agreed, and that, on the delivery of such sealed verdict to the officer, the jury were to be discharged, and the sealed verdict was to be delivered to the court the next morning. On the following morning the sealed verdict was delivered by the officer of the court, and, on being opened, it was found to read as follows: "We, the undersigned, jurors in the above-entitled action, do hereby certify that we find herein a verdict for the plaintiff." The court then said to plaintiff's counsel: "If you have any motion to make, I will hear it now." Plaintiff's counsel, according to his affidavit, replied that he would make no motion then, but asked permission to do so on notice to his opponent presently, and he deposes that such permission was granted to him by the court. Three days afterwards the plaintiff's attorney, on his affidavit of the proceedings, and also on the several affidavits of each of the jurors, obtained from the trial judge an order to show cause why an order should not be made and entered correcting the verdict heretofore rendered herein, by adding therein, to the words, "for the plaintiff," the words, "for the sum of eight hundred and forty-eight dollars." The affidavits of the jurors were to the effect "that the jury agreed upon a verdict for the full amount claimed, and interest, but, being uncertain as to the exact amount stated by the court, made out a sealed verdict for the plaintiff, which deponent signed as one of the said jury, supposing that the correct amount would be inserted at the opening of the court on receipt of their verdict; that the intention of the jury and deponent's intention was to find a verdict for the plaintiff for the full amount stated by the judge or court." On the hearing of the order to show cause, affidavits of defendant's counsel, attorney, husband, and one other party were submitted, in which they allege that, on the opening of the sealed verdict, and on plaintiff's attorney asking for time to make a motion in reference thereto, the court replied: "You must make it now, or not at all. I declare it a mistrial,"—or words to that effect. It appears from the minutes of the court, however, that no motion was made by counsel for defendant, and no order entered. After hearing argument of counsel, the court made an order amending the sealed verdict so as to read as follows: "We, the undersigned, jurors in the above-entitled action, do hereby certify that we find herein a verdict for the plaintiff for the sum of eight hundred and forty-eight dollars." From the order so made defendant takes this appeal.

After a careful examination of appellant's points, and the cases therein cited, we are forced to the conclusion that there is no merit in this appeal. While, of course, it is not within the power of the court to amend a verdict of a jury, so as to make it vary from what the jury plainly intended, yet the court has power, in the furtherance of justice, to correct what is plainly an error in a verdict, and to make it conform to the clearly expressed intention of the jury. In this case, as before stated, the jury, under the instruction of the court, if they found a verdict for the plaintiff at all, were directed to find a verdict for the plaintiff for the sum of $800 principal and $48 interest,—in all, $848. There was no issue in the case as to what amount plaintiff was entitled to recover, if entitled to recover at all. Plaintiff alleged in his complaint that he was to be paid the regular commission of 1 per cent. on the purchase price, in case he effected a sale, and this allegation is not denied in the answer. After a trial of the issues between the parties, the jury have decided

in favor of the plaintiff. The court, by the order appealed from, has simply put the verdict which the jury did find into proper form. No injustice is done to the appellant by so doing. She has had her day in court, and it appears to us is now seeking by this appeal, not to obtain justice, but to evade justice. As was said by ALLEN, J., in *Dalrymple* v. *Williams*, 63 N. Y. 361: "It would be a reproach upon the administration of justice if a party could lose the benefit of a trial and a verdict in his favor by the mere mistake of the foreman of the jury in reporting to the court the result of the deliberations of himself and his fellows." See, also, *Wells* v. *Cox*, 1 Daly, 515. The *Dalrymple Case* is also authority for receiving and considering the affidavits of the jurors to show what they intended to be understood as their verdict. For the reasons above stated, the order appealed from should be affirmed, with costs.

VAN WYCK, J., concurs.