EUGENE S. CLARK, Appellant, *v.* CHARLES W. LUDE, Respondent.

*Jurors — power of the court to direct a jury, before dismissal, to retire and fix the amount due where the amount is not disputed — affidavits of jurors.*

In an action brought to recover the value of goods sold there was no contest upon the trial as to the amount due. The court charged the jury that the only question was whether the contract of sale was legal. The jury retired, sealed their verdict and separated for the night. The verdict read: "We, the undersigned jurors, find a verdict for the plaintiff."

Upon the following morning, and before the jury had been dismissed, the plaintiff's counsel asked the court to direct the jury to retire and fix the amount of the verdict. This request was refused and the court set the verdict aside.

*Held,* that such action was improper.

That the court had the power, and it was its duty, to correct the informality in the verdict.

That, upon a motion to vacate an order setting aside the verdict and for a new trial, affidavits of the jurors to the effect that they supposed it was unnecessary to state the amount due the plaintiff were competent in support of their verdict.

Appeal by the plaintiff Eugene S. Clark from an order of the Albany County Court, entered in the office of the clerk of the county of Albany on the 18th day of January, 1892, setting aside the verdict herein as irregular and granting a new trial; and also from an order, entered in said clerk's office on the 21st day of January, 1892, denying a motion to vacate an order setting aside the verdict and

directing a new trial, and to correct said verdict by making it conform to the intention of the jury.

*T. F. Wilkinson,* for the appellant.

*J. W. Ecker,* for the respondent.

HERRICK, J.:

This action was brought to recover $368.90, the purchase-price of some tobacco alleged to have been sold by plaintiff to defendant. The evidence is not before us, but apparently there was no question as to the amount of the claim, but as to whether there was a legal contract of sale between plaintiff and defendant.

The court, in its charge to the jury, said: "The price agreed upon was $368.90, which amount the plaintiff asks now to recover, with interest added to it from the first of January. If that contract was a legal contract, plaintiff is entitled to recover the full amount, principal and interest, from the first of January last, because the tobacco by the agreement was to have been paid for during the year 1890. The only question is, ' Was that a legal contract.' " No exception was taken to this charge. The jury retired and the following morning presented a sealed verdict in these words, " We, the undersigned jurors, find a verdict for the plaintiff."

The plaintiff's counsel requested the court to direct the jury to retire and fix the amount they find for the plaintiff, the jury being yet present, not having finally separated. The court refused, on the ground that the jury had separated over night and it was a sealed verdict, and stated that it was irregular in not stating any amount, and for that reason he would set it aside and direct a new trial. Whereupon the motion of defendant to set aside the verdict and direct a new trial was granted on the ground stated by the court. From that order the plaintiff appeals to this court.

After the making of such order, and at the same term of the court, the plaintiff moved to vacate the order setting aside the verdict and ordering a new trial, and to correct the verdict to make it conform to the intention of the jury. Upon such motion, in addition to the minutes of the trial, the affidavits of all the jurors, under objection by the defendant to the use thereof, were read, showing that they supposed it was not necessary to state the amount, deeming a finding

in favor of the plaintiff sufficient to entitle him to the recovery of the amount claimed, with interest. This motion was also denied, and from the order denying such motion the plaintiff has taken a separate appeal to this court. Both appeals will be considered together.

The affidavits were properly received to make manifest what the verdict meant, not to impeach or reverse it. (*Dalrymple* v. *Williams*, 63 N. Y., 361; *Hodgkins* v. *Mead*, 5 N. Y. Supp., 433; S. C., affirmed, 119 N. Y., 166.)

The amount of the debt was unquestionable. Whether or not the plaintiff was entitled to recover it from the defendant was a question of fact for the jury, and the only question for them to pass upon; the amount of the debt was the measure of recovery. They were told by the court that the only question for them was, was the contract a legal one, that the amount was agreed upon.

When, therefore, the jury found a verdict for the plaintiff their meaning was plain, and it was within the power of the court to cause them to correct the irregularity. (*Hatch* v. *Atrill*, 118 N. Y., 383.) And the refusal of the court to correct the verdict "on the ground that the jury had separated over night and it was a sealed verdict," if the court meant by that that for those reasons it had no power to send it back for correction, was error.

It has been held that when a jury has been authorized to bring in a sealed verdict, and has found it, put it in writing, sealed it, has separated, has come together the next morning and given it, and it has been entered upon the minutes of the court, yet that it is within the power of the court to send it back to the jury for correction, the jury not yet having been dismissed. (*Warner* v. *N. Y. C. R. R. Co.*, 52 N. Y., 437–440.)

Here the meaning of the jury is evident, they find for the plaintiff; the amount is agreed upon at $368.90, with interest, which is a matter of computation, and appears to be fifteen dollars and sixty-four cents, in all $384.54; and when the only question in controversy has been settled by the jury it would be a serious reflection upon the administration of justice to say that the case must be tried over again to correct an informality that can be corrected at once to make the verdict in all respects conform to the manifest and plain intent of the jury.

In a somewhat similar case, where no sum had been specified, the Court of Appeals uses this language. "The plaintiff is entitled to recover a sum certain, known, conceded, if entitled to recover anything. The only issue in the case is one as to what the contract was, and if not what the plaintiff alleged it to be, then the defendant was entitled to a verdict. This is acquiesced in and conceded by the defendant. The judge so charges and states the precise sum that the plaintiff is entitled to if he has a verdict in his favor. The jury agree upon a verdict and write it down in favor of the plaintiff, in accordance with the agreement arrived at by them, and they agree upon the sum named by the court. In such a case of absolute, uncontradicted facts, where a certain, definite, conceded amount follows a verdict for the plaintiff as certainly as the night follows the day, it seems to me a mere travesty or mockery of justice to hold that no legal verdict has been arrived at; that the court is powerless to aid, and that the plaintiff must lose the benefit of the trial and the verdict actually agreed upon, and both parties must be put to the expense of proceeding *de novo* to a trial of the cause." In that case the court, some days after the verdict was reached, corrected the verdict itself. (*Hodgkins* v. *Mead*, 119 N. Y., 166–171; see, also, *Bohlen* v. *M. E. R. R. Co.*, 121 id., 546; *Segelke* v. *Finan*, 48 Hun, 310.)

The orders of the County Court must be reversed, and the plaintiff have judgment on the verdict as corrected for the sum of $384.54, with the printing disbursements and the costs of one appeal.

PUTNAM, J., concurred; MAYHAM, P. J., not acting.

Order of the County Court reversed, and verdict of jury corrected and judgment in County Court upon verdict, with printing disbursements and costs of one appeal.