## PLANO MANUFACTURING CO. v. PERSON.

1. An objection to the admission of evidence is not available on appeal unless the specific ground of the objection is pointed out in the court below.

2. In replevin by a mortagee against the mortgagor to recover crops covered by the mortgage, evidence that defendant could not read, and that plaintiff's agent, who took the mortgage, read it to defendant, but read nothing about mortgaging the crops, was admissible under a general denial.

ℰ A judgment in replevin to the effect that defendant is entitled to the possession of the property "described in the complaint" will not be reversed on the ground that it was stipulated between the parties that only a certain part of the property claimed in the complaint was taken under the writ.

4 Mere irregularities in a verdict and judgment will not be considered on appeal when no motion to correct them was made in the court below.

(Opinion filed January 24, 1900.)

Appeal from Minnehaha county court. Hon. W. A. WILKES, Judge.

Replevin by the Plano Manufacturing Company against Swan Person. From a judgment for defendant, plaintiff appeals Affirmed.

*Kirby, Rochford & McMahon,* for appellant.

Misrepresentation and fraud constitute affirmative matter which must be alleged and proven. Cobbey on Replevin, § 824; Estees Pl. §§ 2748, 3278, 3443, 3538, 3539, 3586; Philipp's Code Pl. §§ 244, 386; Bliss Code Pl. §§ 211, 339; Pomeroy's Code Rem. § 687; Diefendorf v. Gage, 7 Barb 18; Frisbee v. Langworthy, 11 Wis. 375; Tucker v. Parks, 7 Col. 63; Rose v. Hurley, 81 Am. Dec. 374; Hoyt v. Clarkson, 23 Or. 51; Daly v.

Proetz, 20 Minn. 411; Root v. Schafner, 39 Ia. 375; Grey v. Earl, 13 Ia. 188; Williams v. Hudson, 63 Texas 678; Ritchmeyer v. Rensen, 38 N. Y. 208; Dalrymple v. Hillenbrand, 20 Am. Dec. 438.

In instructing the jury the court must restrict itself to the issues. Nolan v, Wisner, 11 Ia. 190; Bank v. Murdock, 62 Mo. 70. It must also confine itself to matters of law and may tell the jury what is evidence, but not what it proves. Russ v. Steamboat, 9 Ia. 374; Thompson v Hovey, 43 Ill. 198. An instruction which undertakes to give a summary of the principal facts but directs the attention of the jury only to those favorable to one party is improper. Evans v. George, 80 Ill. 51; Newman v. McComas, 43 Md. 70; Calef v. Thompson, 81 Ill. 478; Winchester v. Earle, 33 Mich. 143; Jones v. Jones, 57 Mo. 138.

*Robertson & Dougherty* and *A. B. Kittredge,* for respondent.

An objection to the admission of evidence is not available on appeal unless specifically urged on the trial. Bank v. Sherman 70 N. W. 647; Jones Ev. § 896; Kolka v Jones, 71 N. W. 559; Underhill on Ev. 538; 1· Thompson Trials § 693; Rush v. French, 1 Ariz. 99; Noftsger v. Smith, 32 N. E. 1024; Railroad v. Walker, 15 N. E. 234; City of Helena v. Albritose, 20 Pac. 817; Smith v. Morrill, 18 Pac. 915, Crawford v. Witherbee, 46 N. W. 545.

The evidence introduced as to defendant not being able to read, and that when the mortgage was read to him, nothing about mortgaging the crop was read by the agent of the mortgagee was admissible under the general denial. Connor v. Knott, 66 N. W. 461. Cobbey on Replevin, §§ 751, 752 and 755; Cool v. Roche, 17 N. W. 119; Bank v. Clement, 30 N. W. 64; Aultman v. Stickler, 31 N. W. 241; Williams v. Eikenbury, 34 N. W.

373;Merrill v Wedgwood, 41 N. W. 149; Jenkins v. Mitchell, 59 N. W. 90; Best v. Stewart, 67 N. W. 881; Johnsan v. Investment Co. 68 N. W. 383; Davis v. Cutler, 78 N. W. 504; DeFord v. Hutchinson, 25 Pac. 641; Stern Auction Co. v. Mason, 16 Mo. App. 473; 20 Am. & Eng. Enc. Law, 1106; Gaudy v. Poole, 15 N. W. 223.

CORSON, J.   This is an action in claim and delivery. Verdict and judgment for defendant, and plaintiff appeals. The object of the action was to recover possession of a quantity of grain grown on a certain farm in Minnehaha county. in possession of the respondent, claimed by virtue of a chattel mortgage alleged to have been executed by respondent to appellant. The answer was a general denial.

The first error assigned is that the court erred in admitting in evidence a certain deed from one Haberle to Guernsey, with whom the defendant had a lease, or cropping contract. On the trial the defendant offered in evidence certain portions of the record of the register of deeds of Minnehaha county, being a record of a deed to the land described in the chattel mortgage from Louis Haberle to O. E. Guernsey, dated September 30, 1892.   Plaintiff objected to the introduction of this deed on the ground that the same was incompetent, irrelevant. and immaterial, and that no title was shown in the grantor of the deed.   The objection was overruled, and exception taken. The appellant contends in this court that no foundation was laid for the introduction of such record; that no title or even possession, of the premises was ever shown to be in Haberle; and also that there was no evidence showing that the original deed had been lost, or did not belong to, or was not within the control of, the

the party wishing to use it as required by Section 5308 Comp. Laws. The objection made to the introduction of the deed did not specify the latter ground of objection, and hence it must be disregarded in this court. Agricultural Works v. Young, 6 S. D, 557, 62 N. W. 432; Bright v. Ecker, 9 S. D. 449, 69 N. W. 824; Kolka v. Jones, 6 N. D. 461, 71 N. W. 558; Mining Co. v. Noonan, 3 Dak. 189; 14 N. W. 426. The other objections to the introduction of the deed—that it was incompetent, irrelevant, and immaterial—are not well taken.

It is also contended by appellant that the court erred in admitting in evidence the cropping contract between Guernsey and the respondent, for the reason that the same was incompetent, immaterial, and irrelevant, and not in any way binding upon the plaintiff. This objection was overruled, and, we think, properly, for the reason that the objection now urged in this court to its introduction, namely, that its execution was not proven, was not presented to the court below. It will be noticed that by the objection made the attention of the court below was not called to the fact that no evidence had been introduced proving the execution and delivery of the instrument. This objection, not having been made in the court below, cannot be made for the first time in this court. The general objection that evidence is incompetent, immaterial, and irrelevant will not avail a party in this court. If the specific objection had been made in the court below that is made in this court, it might have been obviated by evidence on the trial. A party wishing to avail himself in this court of an error in the ruling of the court below must have specifically pointed out the objection taken to the admission of the evidence, and, as said by this court in Bright v. Ecker, *supra:* "The reason of the rule re-

quiring specific objections is twofold: (1) To enable the trial judge to understand the precise question upon which he has to rule, and to relieve him from the burden of searching for objections which counsel is unable to discover, or which he sees fit to conceal; (2) to afford the opposite party an opportunity to obviate it before the close of the trial, if well taken. It is, therefore a part of the rule that a party objecting to testimony will not be permitted to change his ground on appeal." "No rule of practice is better settled than that, where an objection could have been obviated on the trial, if specifically pointed out, an exception which does not specifically point out such objection will be unavailing upon appeal." Mining Co. v. Noonan, *supra*; Agricultural Co. v. Young, *supra*.

Appellant further contends that the court erred in admitting the testimony of the defendant in regard to plaintiff's agent reading to him the mortgage. After stating that plaintiff's agent wrote something on a paper in the house, the defendant was asked: "Did he read it to you? .A. Yes, he read it. Q. Did he read anything about mortgaging the crop? (Plaintiff objected to the question as being incompetent, immaterial, and irrelevant. Objection overruled, and exception taken.) A. No. he did not read that part to me at all. Q. Could you at that time, read the English language? (Same objection, and same ruling.) A. No. Q. At the time you gave this mortgage, Exhibit A, state what sum, if any, you owed Mr. Guernsey? (Same objection, and same ruling.) A. About $270.00." Counsel now contends that this evidence should have been excluded, for the reason that it was not admissible under the pleadings. the answer being a general denial. But it will be noticed that this specific objection was not made to the introduction of this

evidence. and the objection that the same was incompetent, immaterial, and irrelevant would not suggest to the court that the evidence was inadmissible under the pleadings. Had the objection been specifically made, it would not have been available, as this court has held in this class of cases, following, what we deem to be the better authorities, that such proof is admissible under a general denial. Willis v. De Witt, 3 S. D. 281, 52 N. W. 1090; Conner v. Knott, 8 S. D. 304, 66 N. W. 461; Sopris v. Truax, 1 Colo. 89; Gandy v. Pool, 14 Neb. 98, 15 N. W. 223; 20 Am. & Eng. Enc. Law, 1106. For the reasons last stated, we are of the opinion that the learned county court committed no error in its charge to the jury that: "The defendant has submitted proof tending to show that he was not the owner of the wheat mortgaged, and that his covenant in the mortgage that he was such owner is not in fact true. He has submitted evidence tending to prove that he was induced to sign this mortgage by representations made by plaintiff's agent, and that he did not, in fact, understand what was contained in the mortgage. If you are satisfied from the evidence that the defendant was induced to execute the mortgage by misrepresentation, artifice or fraud on the part of the plaintiff's agent, and that he was not in fact the owner of the wheat, your verdict should be for the defendant."

It is further contended on the part of the appellant that there was no evidence in the case to justify the verdict as found by the jury and the judgment as entered by the court. The finding of the jury is as follows: "We. the jury in the above entitled action, find all the issues in favor of the defendant and against the plaintiff, in that the defendant, Swan Person, is entitled to the possession of the property described in the plaint-

iff's complaint, or its value, the sum of two hundred and fifty-three dollars ($253.00), in case the return of said property cannot be made." The judgment entered upon said verdict is as follows: "It is ordered and adjudged that the above named defendant, Swan Person, is entitled to the possession of the property described in the plaintiff's complaint, and that the value of said property is the sum of $253.00, and that he recover possession of the same from the plaintiff, or its value, to wit, two hundred and fifty-three dollars, in case delivery cannot be had, and the further sum of one hundred and five and 50-100 costs and disbursements of this action." At the commencement of the trial there was a stipulation entered into between the parties as follows: "Both parties stipulate that the crop of 1895 raised upon the land described in the chattel mortgage Exhibit A is the same property described in paragraph two of the complaint, and that the plaintiff has taken under the requisition in claim and delivery in this action 550 bushels of said wheat, of the value of 46 cents per bushel, which has been delivered to the plaintiff, and is of sufficient value to satisfy the said mortgage and notes." While it appears from the complaint and chattel mortgage that a very much larger amount of grain was included in the same, we are inclined to the opinion that the verdict and judgment in this case are controlled by the stipulation, and that, in effect, at least, the complaint must be regarded as dismissed as to the balance of the grain not specified in the stipulation. But, if there was in fact any irregularity in the verdict and judgment, the appellant should have moved in the court below to correct them so as to make them conform to the facts admitted in the case. The power of the trial court to amend a verdict under such circumstances is

ample.    Murphy v. Stewart, 2 How. 263, 11 L. Ed. 261; Acton
v. Dooley, 16 Mo. App. 441; Clark v. Lamb, 8 Pick. 415; 2
Thomp trials, § 2642; Dalrymple v. Williams, 63 N. Y. 361;
Clark v. Lude, 63 Hun. 363, 18 N. Y. Supp. 271; Schweitzer v.
Connor, 57 Wis. 177, 14 N. W. 922; Hodgkins v. Mead, 119 N.
Y. 166, 23 N. E. 559; Fletcher v. Nelson (N. D.) 69 N. W. 53.
So far as the record discloses, no such motion was made in the
court below, and hence the question is not properly before this
court.    Finding no error in the record, the judgment of the
county court and order denying a new trial are affirmed.