School District v. Shoemaker.

SCHOOL DISTRICT NUMBER TWO OF MERRICK COUNTY, PLAINTIFF IN ERROR, V. JACOB SHOEMAKER, DEFENDANT IN ERROR.

1. **Pleading:** GENERAL RULE. Pleadings should present a certain, specific issue, and such issue is the only subject matter on which the jury have to pass.

2. ———: EFFECT OF GENERAL DENIAL. Upon a general denial the simple inquiry is, has the plaintiff proved what he has alleged in his petition; and under such issue nothing can be given in evidence which does not tend to prove or disprove the facts stated in his petition.

3. ———: IN ACTIONS OF REPLEVIN. But under the code, in an action of replevin, if the jury find in favor of the defendant, they must assess for him such damages as they shall think just and proper, whether he pleads a general denial, new matter as a defense, or a demand for damages.

ERROR to the district court of Merrick county. The cause was submitted upon the stipulation set forth in the opinion.

*O. A. Abbott,* for plaintiff in error.

*John D. Hayes,* for defendant in error.

GANTT, J.

This is an action of replevin, brought by the plaintiff against the defendant to recover the possession of certain personal property. The defendant pleaded a general denial, and upon the trial of the cause in the district court, the jury found the right of possession and the right of property in the goods and chattels, in the defendant, and assessed his damages at five dollars. Judgment was entered on the verdict for defendant. The case is brought into this court upon petition in error, and the parties, by stipulation of their respective counsel,

submit to this court for determination without argument the following questions:

1. "Is the defendant entitled to a judgment for damages, under an answer setting forth a general denial only?"

2. "Will an answer, setting forth a general denial only, sustain a verdict for damages in favor of the defendant in such action?"

The code provides that the petition must contain "a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition," and the answer shall contain: *First.* "A general or specific denial of each material allegation of the petition controverted by the defendant," or *Second.* "A statement of the new matter constituting a defense, counter claim, or set-off, in ordinary and concise language, and without repetition." This statutory definition of pleading is substantially the same as the common law definition, and hence, under the code, as well as at common law, the object to be attained in pleading, is to arrive at a certain, specific issue; and in respect of an issue of fact, it is a fundamental principle of law that such issue should present, in a precise and definite form, the subject matter of controversy between the parties, so that the jury may not misunderstand on what they have to pass. Therefore, the general rule of law is, that the issue of fact raised by the pleading, is the only subject matter on which the jury have to pass; and upon a general denial to the material allegations of the petition, the simple inquiry is,—has the plaintiff proved what he has alleged in his petition? Under such an issue nothing can be given in evidence which does not tend to prove or disprove the facts stated in the petition; every other defense, and every claim or demand of the defendant against the plaintiff must be specially pleaded as new matter.

But "Title VIII," chapter two, of the code, entitled "Replevin of Property," very clearly takes actions of replevin out of the general rule as above stated. This chapter provides that "where the jury find upon the issue joined for the defendant, they shall also find whether the defendant had the right of property or the right of possession only, and if they find either in his favor, *they shall assess such damages,* as they shall think just and proper for the defendant, for which with costs of suit, the court shall render judgment for the defendant." This law is mandatory, and therefore the jury are "bound to inquire into the right of property, and the right of possession of the defendant, and if they shall find him entitled to either, they shall assess such damages as are right and proper." Under the statute both these questions are in issue and are subjects of inquiry by the jury, whether the defendant pleads a general denial, or new matter as a defense, or a demand for damages. *Ferrell v. Humphrey*, 12 *Ohio*, 113. For this reason the questions propounded must be answered in the affirmative in this action.

JUDGMENT AFFIRMED.