JEWELL A. DAVIS, PLAINTIFF IN ERROR, v. JOHN D. NELIGH, DEFENDANT IN ERROR.

1. **Witnesses.** The cross-examination of a witness should be restricted to the facts and circumstances drawn out on his direct examination. If it is desired to examine the witness upon other matters, the party desiring such examination must make the witness his own, and call him as such.

2. ———. But where a witness has related a portion of what took place at a particular time or place, or a part of a particular transaction, he may be cross-examined as to matters showing the *entire transaction.*

3. **Promissory Note.** When an overdue note is assigned, the assignee takes it subject to all equities existing between the maker and the payee. In an action on the note, the maker may show that it was obtained by fraud, or without consideration, or that before he received notice of the assignment he had paid it.

4. ———: SET-OFF. The maker may also set-off any liquidated demand which he held against the payee at the time of the assignment, but claims subsequently acquired, even though they had their origin in previous transactions, are not the subject of set-off.

ERROR to the district court for Cuming county. Tried below before VALENTINE, J., and a jury. Verdict for defendant. The facts appear in the opinion.

*Uriah Bruner,* for plaintiff in error.

The testimony offered by the defense shows that the transfer by J. B. Thomson, the payee mentioned therein, to L. Kryger, was made prior to the alleged sale of the house by Mr. Thompson; and that the order referred to was made nearly a year before the settlement between Mr. Thompson and Mr. Neligh, when they had a settlement of thousands of dollars. The said order is not on Mr. Neligh, nor is it for two hundred and fifty-eight dol-

lars, but simply for "two hundred and fifty-eight." Mr. J. B. Thompson testifies that prior to the time that he left for California, he and Mr. Neligh settled all their claims between themselves, and that this note was not paid.

The defendant can certainly have no set-off against the plaintiff for a claim he may have or have had against Mr. Thompson at any time prior to the date of the commencement of this action unless the plaintiff shall also be permitted to have all the transactions between Mr. Thompson and Mr. Neligh settled up. It was therefore error to refuse on cross-examination by the plaintiff the interrogatories 46, 47, and 48, which said interrogatories were intended to show how the accounts and cross-demands stood between the plaintiff and Mr. Thompson.

The order by Mr. Thompson on Krause was for 258, nothing to indicate what those numerals stand for. Were there no other objections the amount in the order is too uncertain to be allowed for the purpose of a set-off. Figures without anything to indicate the denomination are simply numerals—barren figures—that are often employed to indicate anything else that may be numbered, as dollars; or if money is indicated, the denominations may be either eagles, dollars, cents, or mills. *People v. S. F. Savings Union*, 31 Cal., 136. *Hurlburt v. Butenop*, 27 Id., 56. *Tilton v. O. C. R. R. Co.*, 3 Saw., 24. *Lawrence v. Fast*, 20 Ill., 341. *Lane v. Bommelman*, 21 Id., 147. *Woods v. Freeman*, 1 Wall., 399. Upon the subject of set-off, see cases cited *ante* p. 79.

*Crawford & McLaughlin*, for defendant in error.

Where cross-demands have existed between persons under such circumstances, that if one brought an action against the other, a counter-claim, or set-off, could have

been set up, neither can be deprived of the benefit thereof by the assignment or death of the other, but the demands must be deemed compensated, so far as they equal each other. Code, § 103. Negotiable paper cannot be transferred after due to defeat the right of set-off. *Ross & Ricker v. Johnson*, 1 Handy, 383. *Follett, administrator, v. Buyer*, 4 O. S., 591. 2 Parsons on Notes and Bills, 603–4.

Plaintiff in error insists that there is no ground for allowing defendant's set-off, because it does not arise out of the note transaction. There was no valid indorsement of the note by Thompson prior to May, 1875, when Thompson still had possession of it, and claimed to own it, and the plaintiffs in error are bound by the admissions of their own witness. Defendant's claims were all due and payable prior to May, 1875, and therefore are available as a defense or set-off in an action by the indorsee.

MAXWELL, J.

This is an action on a promissory note, made by the defendant to one J. B. Thompson, or order, on the fourth day of December, 1871. The note was given for the sum of $800, and was payable at the banking house of Bruner, Neligh & Kipp, at West Point. On the fourteenth of August, 1872, a payment of $500 was indorsed on the note. The plaintiff claims to be the assignee of the note, and asks for judgment in the sum of $366.66 with interest.

The defendant in his answer to the petition denies: First, that the plaintiff is the owner of the note. Second, that he is a *bona fide* holder for value before the maturity thereof. Third, that defendant claims as a set-off against said note the sum of $258 paid to E. Krause on the order of J. B. Thompson, the payee of said note, said

Davis v. Neligh.

order bearing date January 19, 1871. Fourth, the defendant also claims a set-off against said note for the sum of $400 paid to, and received by J. B. Thompson, for a house owned by Thompson and defendant.

The plaintiff, in his reply, denied the new matter contained in the answer.

On the trial of the cause the defendant was called as a witness in his own behalf, and testified as follows on his direct examination:

Q. What was the $400 for, set up in your answer?

A. I and Thompson built a house together; afterwards it was sold; Thompson collected all the money received therefor, and failed to pay over my share.

Q. This was the latter part of October when the house *and block* were sold?

A. Mr. Thompson received on the sale of this house $600; he never paid any part of it to me *in money*, nor did anybody pay it to me for him.

On cross-examination he testified as follows:

Q. You say that you and J. B. Thompson were in partnership?

A. With me in this house in Neligh City. The house was built the latter part of February, 1873.

\* \* \* \* \* \*

Q. Did you not state in your direct examination that you and Thompson built this house together in partnership?

A. I stated that we built it together.

Q. What other business did you carry on in partnership with Mr. Thompson, if any?

Objected to by defendant as immaterial; objection sustained. Plaintiff excepted.

The cross-examination of a witness must be restricted to the facts and circumstances drawn out on his direct examination. If it is desired to examine him upon other matters, the party desiring such examination must

make the witness his own and call him as such. 1 Greenleaf's Ev., sec. 445. But where a witness has related a portion of what took place at a particular time and place, or a part of a particular transaction, he may be cross-examined as to matters showing the entire transaction. It is only in this way that the situation of the witness with respect to the parties and to the subject of litigation can be shown, as well as his interest, motives, inclination, and prejudices, and his means of obtaining correct knowledge of the facts to which he has testified. 1 Greenleaf's Ev., Sec. 446.

In this case the plaintiff was entitled on cross-examition to inquire of the defendant as to the nature and extent of the partnership referred to, particularly in a case like this, where the defendant had testified that Thompson "never paid him any part of it (the price of the house) *in money*, nor did anybody pay it to me for him."

When an overdue promissory note is assigned, the assignee takes it subject to all equities existing between the maker and the payee. In an action on the note the maker may show that it was obtained by fraud, or without consideration, or that before he received notice of the assignment he had paid it. The maker may also set off any liquidated demand which he held against the payee at the time he received notice of the assignment, but claims subsequently acquired, even though they had their origin in previous transactions, are not the subject of set-off. *Follet v. Buyer*, 4 Ohio State, 502.

The question of notice does not arise. The instructions given by the court on its own motion appear to cover all the questions arising in the case. The court, therefore, did not err in refusing to give the instructions asked by the plaintiff. Where, however, the court refuses to give instructions because previously given, *the refusal should be placed on that ground.*

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.