Richardson v. Steele.

E. A. RICHARDSON, PLAINTIFF IN ERROR, v. R. T. STEELE, DEFENDANT IN ERROR.

Replevin: PLEADING: EVIDENCE. In an action of replevin a general denial puts in issue every material allegation of the petition. And under it the defendant may give evidence of any special matter which amounts to a defense to the plaintiff's cause of action.

ERROR from district court of Merrick county. Tried before POST, J.

The defendant in error brought his action in the county court of Merrick county to recover possession of a certain gun of the value of $75, where judgment was rendered in his favor, and plaintiff in error appealed to the district court. The petition charges that defendant in error is the owner of the gun and entitled to the possession thereof, and that plaintiff in error wrongfully detains the same, etc. The answer was a general denial. On trial the plaintiff in error offered to prove that he held the gun at the commencement of the action as *bailee* of one Dimick, and that said Dimick was the owner, which, on objection, the court refused. Plaintiff in error also requested the court to give the jury three instructions, to the effect that, if it appeared that at the commencement of the suit one C. S. Dimick was the owner and entitled to the possession of the gun, that such facts constituted a defense to the suit, which the court refused to give, and on his own motion directed a verdict for defendant in error, on which judgment was rendered, and to reverse which plaintiff in error instituted this proceeding.

*John Patterson* and *Whitmoyer, Gerrard & Post,* for plaintiff in error.

A general denial in replevin puts in issue every material fact which is necessary to entitle the plaintiff to recover. *Oakes v. Wyatt,* 10 Ohio, 344. *Ferrell v. Humphrey,* 12 Id., 112. *Coverlee v. Warner,* 19 Id., 29. *Heron v. Beckwith,* 1 Wis., 17. *Child v. Child,* 13 Id., 17. *Hunt v. Burnett,* 4 Green (Iowa), 512. " In replevin, under a general denial the defendant may show property in a third party," and a paragraph alleging such facts will be stricken out as an argumentative denial. *Davis v. Warfield,* 38 Ind., 461. *Kennedy v.*

*Show*, Id., 474. *Thompson v. Sweetzer*, 53 Id., 312. *Moore v. Kepner*, 7 Neb., 291.

*J. W. Sparks* and *W. H. Webster*, for defendant in error.

If the plaintiff in error, Richardson, claimed and desired to prove that Dimick was the rightful owner of the gun, and that he was innocently in possession as bailee, he should have availed himself of the provisions made by the code, sec. 48, p. 530.

But if the court should decide that these provisions of the code are not to be used in practice, though they seem to have been framed expressly for cases of this kind, still we contend that by our code and practice they should have pleaded specially that which they desired to prove. For a statement of any new matter must be specially pleaded. [Code, sec. 99, p. 540.] If plaintiff in error held the property innocently he should have so pleaded. *Homan v. Laboo*, 1 Neb., 204. And by the New York decisions, in an action for conversion, even " a sheriff cannot prove that he levied on goods before plaintiff set up any title under a general denial. *Graham v. Harrower*, 28 N. Y., 165. Nor on general denial in an action for conversion can a defendant show a special property in himself to the goods. Ib. Nor under a general denial an affirmative defense cannot be given. *Beaty v. Swarthout*, 32 Barb., 293. The effect of a general denial is to cast the burden of pooof upon the plaintiff, and if the necessary evidence is given, and the answer contains only a general denial, the plaintiff is entitled to a verdict and judgment. *Texier v. Gouin*, 5 Duer, 389.

Nor do the authorities cited in plaintiff's brief, as we understand them, go to the extent claimed, but only so far as to prove property in himself or in justification of an officer making a levy.

Совв J.

Whatever may have been the law formerly, or may be now, in those states which have not materially departed from the common law system of pleading, it must be considered as settled both in this state and in Ohio, whose code and practice we have in great measure followed, that in replevin a general denial puts in issue every material allegation of the petition, and under it the defendant may give evidence of any special matter which amounts to a defense to the plaintiff's cause of action. *School District No. 2 of Merrick Co. v. Shoemaker*, 5 Neb., 36. *Creighton, Adm'r, etc., v. Newton*, Id., 100. *Hedman v. Anderson*, 8 Id., 180. *Ferrell v. Humphrey*, 12 Ohio Rpts., 113. *Oaks v. Wyatt*, 10 Id., 344.

It follows, therefore, that the district court erred in ruling out the testimony offered by plaintiff in error to show by the witness, Dimick, and his own testimony, that said Dimick was the owner of the gun in controversy at the time of the commencement of said suit. As the other errors complained of depended in great part upon this one, it is not deemed necessary to pass upon them.

The judgment of the district court is reversed and a new trial granted.

REVERSED AND REMANDED.