Gandy v. Pool.

M. E. GANDY, PLAINTIFF IN ERROR, V. J. P. POOL, DEFENDANT IN ERROR.

1. **Replevin:** EVIDENCE. A defendant in replevin, under an answer alleging that he is the owner of the property and that he does not unlawfully detain the same, may prove that a mortgage under which the plaintiff claims title and possession was a forgery.

2. **Verdict against Evidence.** Where a verdict is against the clear weight of evidence it will be set aside.

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

*E. W. Thomas* and *C. Gillespie,* for plaintiff in error, cited: *Gray v. Earl,* 13 Iowa, 188. Bliss on Code Pleading, sec. 339. *Frisbie v. Langworthy,* 11 Wis., 376.

*Isham Reavis,* for defendant in error, cited: *Richardson v. Steele,* 9 Neb., 483.

MAXWELL, J.

This is an action of replevin brought by the plaintiff against the defendant to recover the possession of "ten head of steers, eighteen months old, 22d of October, 1881, bought by A. F. Pool of J. W. Beamis, also eight head white and spotted steers, then eighteen months old, bought by said A. F. Pool of various parties." It is alleged that the plaintiff's right to the possession of said steers is derived from a mortgage on the same, executed on the twenty-second of October, 1881, by A. F. Pool to the plaintiff, to secure the payment of a promissory note of said Pool for the sum of $231, which mortgage was duly filed in the county clerk's office, and according to the terms of which the plaintiff is entitled to the possession of the property.

The defendant in his answer pleads property in himself, and denies the unlawful detention. On the trial of the cause a verdict was returned in favor of the defendant, upon which judgment was rendered.

The errors assigned in this court are:

*First.* That the court erred in admitting evidence tending to show that the mortgage in question was a forgery.

*Second.* Because the verdict is against the evidence.

The attorneys for the plaintiff contend that as they in the petition have stated the facts in relation to the chattel mortgage under which they assert the right to recover, that

therefore the failure to plead in the answer that such mortgage is a forgery is a waiver of that question.

The action of replevin will lie only for the recovery of specific chattels. The plaintiff in all cases must have a general or special property in the goods which he seeks to recover, together with the right to the immediate possession of the same. See sec. 94 in Wells on Replevin, and cases cited in note 1. The question to be determined is, in whom was the right of possession at the commencement of the action. If, therefore, a plaintiff claiming a special ownership in the property states the facts as to such special ownership and right of possession, and alleges that the property is wrongfully detained by the defendant, he merely shows by his pleadings his right to maintain the action, but the cause of action against the defendant is the unlawful detention of the property.

At common law *non cepit* was the general issue. Bac. Abr., title Replevin. And was a sufficient answer when the charge was for the wrongful taking of the property, but for wrongful detention of the goods, *non detinet* was the proper plea. The code has abolished the technical distinctions between these defenses, which frequently defeated the ends of justice, and permits the defendant, under a general denial or plea that he does not unlawfully detain, to prove his right to the possession of the property. *School District No. 2 of Merrick Co. v. Shoemaker*, 5 Neb., 36. *Creighton v. Newton*, Id., 100. *Hedman v. Anderson*, 8 Id., 180. *Ferrill v. Humphrey*, 12 Ohio, 113. *Oaks v. Wyatt*, 10 Id., 344. *Richardson v. Steele*, 9 Neb., 483. *Zandle v. Crane*, 13 Kas., 344. *Holmberg v. Dean*, 21 Id., 73. *Bailey v. Bayne*, 20 Kas., 657.

We have no doubt, therefore, that under the plea that he did not unlawfully detain the property in controversy the defendant could prove any fact tending to show his possession was lawful, including the right to prove that the plaintiff based her claim to the possession upon an instrument

Gandy v. Pool.

that was a forgery. The first objection is therefore untenable.

*Second.* We are of the opinion, however, that the verdict is against the clear weight of evidence. A. F. Pool, who is claimed to have executed the mortgage in this case, is a son of the defendant, and at the time the mortgage in question is alleged to have been executed was about twenty-two years of age. The testimony tends to show that about that time he did purchase eleven head of the animals mortgaged, from one Beamis, and claimed to own the same, although the money to purchase said animals was furnished by his father.

There seems to have been an agreement between the father and son as to the repayment of the money that does not enter into this case. The weight of testimony also tends to show that A. F. Pool was indebted to the plaintiff. He swears positively that he did not sign the mortgage in dispute, and this without doubt was the controlling question with the jury. The testimony of Pool upon that point, however, is disproved by a number of disinterested witnesses, and so completely that the jury would have been justified in applying to his testimony the maxim, *falsus in uno, falsus in omnibus.* It is unnecessary to review the testimony at length as there must be a new trial.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.