A. M. COOL, PLAINTIFF IN ERROR, v. ROCHE, HALL & RAY, DEFENDANTS IN ERROR.

1. **Notice to Take Depositions.**   A notice served on the 24th to take depositions on the 28th of a month, a Sunday intervening, at a place requiring two days' travel to reach by the usual route, gives one day less than the statute requires.

2. ————.   The notice shall be served so as to allow the adverse party sufficient time by the usual route of travel to attend, and one day for preparation, exclusive of Sundays and the day of service.   Code, ? 378.

3. **Evidence**: CROSS-EXAMINATION OF WITNESS.   The cross-examination of a witness must be restricted to facts and circumstances connected with the matters called out by the direct examination.

4. **Replevin**: PLEADING: GENERAL ISSUE.   In an action of replevin under the general issue the rights of the respective parties may be shown and determined.

ERROR to the district court for Antelope county.   Tried below before BARNES, J.

*Sedgwick & Power*, for plaintiff in error.

*Thomas O'Day* and *W. M. Robertson*, for defendants in error.

LAKE, CH. J.

This is a petition in error from Antelope county. One of the errors complained of is the suppression of a deposition for want of sufficient notice of the taking. The notice was served on the 24th of February, 1881, at Neligh, in said county, that the deposition would be taken in York on the 28th. The 27th of February was Sunday, and it is agreed that, by the usual route of travel, two days were required to reach York from Neligh.

The statute provides that "the notice shall be served so as to allow the adverse party sufficient time by the usual route of travel to attend, and one day for preparation, exclusive of Sundays and the day of service." Code of Civil Procedure, § 378. Under this rule the notice in question is clearly defective; for, after excluding the day of service, Sunday, and the two days required to reach York, no time whatever is left for preparation. The deposition was rightly suppressed.

The action below was replevin. It was brought by the defendants in error to obtain possession of some horses which had been mortgaged to them by one J. B. Meehan, Oct. 12th, 1880. The plaintiff in error, who was defendant below, answered the petition, which was in the usual form in such cases—first, *non detinet,* and second, a general denial. The defendants in error introduced in evidence, on the trial, the mortgage under which they claimed the horses, and showed by oral evidence that, prior to the commencement of this action, they had, as mortgagees, caused them to be taken in possession by P. D. Thompson, a constable, from whom they were taken by the plaintiff in error under a writ of replevin issued against him by a justice of the peace, at the suit of Will E. Sharp, who, it

:appears, claimed them by virtue of two chattel mortgages ·of which he was assignee, executed, one by said J. B. Meehan, June 3d, 1880, and the other by his wife, Samantha Meehan, April 15th, 1880.

As part of their case in chief, the defendants in error ·called the plaintiff as a witness and asked him whether, at the commencement of the action, he had ·possession of the horses, to which he gave an affirmative answer. Upon this his counsel sought to bring out, by means of cross-examination, the right by which he held them. This the ·court held could not be done, and the ruling is now assigned as prejudicial error.

The rule here applicable is, that the cross-examination ·of a witness must be restricted to facts and circumstances connected with the matters called out by the direct examination. 1 Greenleaf on Ev., § 445. *Davis v. Neligh*, 7 Neb., 84. *Clough v. The State*, Id., 320. The fact of the horses being in his possession at that time, alleged in the petition, was put in issue by the answer. It was this fact, .simply, which was brought out by the direct examination. The right by which he held it was a different thing altogether, and was not inquired of.

To entitle them to recover against the plaintiff in error, it was necessary for the defendants, under the issue joined, to show that he had possession of the horses when the action was brought. But it was not necessary for them to inaugurate an inquiry as to his right of possession as against their mortgage, nor did they do so by their direct examination of this witness. On this question the ruling was ·correct.

As a defense to the action, there were offered in evidence the proceedings in the replevin suit of Will E. Sharp ·against P. D. Thompson, and copies of the two chattel mortgages of which Sharp was assignee, which, together with other evidence in the case, had they been admitted, -would have shown conclusively that at the commencement

of this action the horses were already in the custody of the law, and held by the plaintiff in error, as sheriff, under a valid order of delivery, based on a lien superior to that of the defendants in error.

The real objection to the reception of this evidence, as we gather from the brief of counsel, seems to be that the interest of Sharp, in whose behalf the sheriff held the property, could not properly be shown under the answer. This, however, is a mistaken view of our replevin law. The gist of this action—without which it is not maintainable—is an unlawful detention of property. *Haggard v. Wallen,* 6 Neb., 271. *Non detinet,* or a general denial, puts this in issue, and under such issue the rights of the respective parties may be shown and finally determined. Such is the established rule in this state. *School District v. Shoemaker,* 5 Neb., 36. *Hedman v. Anderson,* 8 Id., 180. *Richardson v. Steele,* 9 Id., 486. In the exclusion of these items of evidence there was error, for which a new trial must be awarded.

The court below also erred in striking out the testimony of the witness Snyder as to the value of some of the horses. He had testified, without objection as to his competency to give an opinion on this subject, that the pair of mares, "Mollie" and "Kittie," had been kept for awhile at his stable, that he knew them, and that he thought they would have sold "for about $175;" that they were in fact "sold for that much." Thereupon, a motion to strike this testimony out, "as being incompetent, irrelevant, and immaterial," was sustained. Neither of these objections was tenable. The evidence was competent, relevant, and material, and should have been retained. For these reasons the judgment must be reversed and the cause remanded to the court below for a new trial.

REVERSED AND REMANDED.

THE other judges concur.