AULTMAN, MILLER & CO., PLAINTIFF IN ERROR, V.
LEONARD STICHLER, DEFENDANT IN ERROR.

1. **Replevin:** ANSWER. GENERAL DENIAL. In replevin, the
plaintiff's cause of action depending essentially upon his right
to the immediate possession of the property in controversy, a
general denial by the defendant puts in issue not only such right
of possession, but every collateral fact necessary to the estab-
lishing of the same. In such case, *Held,* That an answer con-
taining a general denial will not be required to be made more
definite and certain.

2. ———: DAMAGES. In replevin damages, other than legal inter-
est on the value of the property as found, for the detention of
the property, are recoverable only in case of a return. If the
property is not returned the measure of damages is the value of
the property as proved, together with lawful interest thereon
from the date of the unlawful taking. See *Romberg v. Hughes,*
18 Neb., 579.

3. **Warranty.** Plaintiff's contract of warranty construed.

ERROR to the district court for Greeley county. Tried
below before TIFFANY, J.

*Henry Nunn* and *Paul & Bell,* for plaintiff in error.

*Thomas L. Redlon* and *H. G. Bell,* for defendant in.
error.

COBB, J.

I. On the 24th day of March, 1885, plaintiff filed pe-
tition in the district court of Greeley county, stating its
cause of action to be, that it was the owner of and had a
special property in one span of dark brown horse mules
of the value of $250, by virtue of a chattel mortgage dated
June 9, 1882, and executed by defendant to the plaintiff
on said mules, and one Aultman, Miller & Co. self binder,
to secure the payment of three certain promissory notes of

the said defendant for $95 each, and interest at ten per cent, from July 19, 1881, the date of said notes. Defendant made default in the payment of said notes, and by reason of said default plaintiff claimed right to immediate possession of said mules. That said defendant wrongfully and and unlawfully detained said mules from the plaintiff.

II. On the 3d day of September, 1885, said defendant filed an answer, denying each and every allegation, matter, fact, and thing in plaintiff's petition contained, except as hereinafter stated:

1. That in the month of July, 1881, he bought a Buckeye harvester and self-binder, giving the notes therefor.

2. That at the time of purchase plaintiff made a warranty of said machine.

3. That plaintiff made a printed warranty of said machine.

4. That when defendant bought said machine and gave his notes therefor he relied on said warranty.

5. That said machine did not fill said warranty, and that said machine was useless and worthless as a self-binder..

6. That defendant notified L. A. Devine and John Wacek, the plaintiffs' agents, that said machine would not do its work, and requested them, by letter and otherwise, to put said machine in order.

7. That defendant received no consideration for said notes, because said machine was worthless.

8. That in the month of July, 1882, the plaintiff, by its agent, L. A. Devine, in order to induce the defendant to pay or secure said notes and keep said machine, then and there promised, agreed, and contracted with the defendant in writing to put said machine in order and make the same do as good work as any other machine.

9. That defendant relied on said warranty and gave the plaintiff the chattel mortgage set out in his petition.

10. That plaintiff did not put said machine in order.

11. That defendant tried to run said machine in the har-

vest of 1882. Notified plaintiffs and their agents, L. A. Devine and John .Wacek, by letter and otherwise, and requested plaintiff to send a man to put same in order, which plaintiff failed to do.

12. That said machine was worthless and useless and imperfect, and never would do its work in a workmanlike manner.

13. That the value of said mules was $375.

14. That said mules were defendant's only team.

15. That defendant at that time was engaged in farming, and that he was poor and had no means of purchasing another team.

16. That the defendant was damaged in the sum of $2.50 per day, while said team was kept from him, to-wit, from March 14, 1884.

17. That said defendant asked for the return of said mules or $375, their value, and for the sum of $1,337, his damages.

III. The defendant, in his amended answer in the county court under which said case was tried, asked judgment against the plaintiff for return of said mules, or the sum of $375, the value thereof, and $300, his damages, by reason of the unlawful detention of said mules.

IV. On the 4th day of September, 1885, the plaintiff filed a motion as follows: And now comes the plaintiff and moves the court to require the defendant to make his answer more definite and certain, by showing whether said defendant affirmed or rescinded the contract and warranty set forth as made in 1882, and whether the warranty of 1881 was in writing or not. Which motion on the 7th day of September, 1885, the court overruled, to which ruling the plaintiffs duly excepted at the time.

V. On the 7th day of September, 1885, the plaintiff filed a reply to defendant's answer in said court, denying each and every allegation of new matter in said answer contained.

There was a trial to a jury, with a verdict and judgment for the defendant. I copy the verdict and judgment:

"We, the jury duly impaneled and sworn in the above case, find the right of property and right of possession of said property at the commencement of this action, was in the defendant, and we assess the value of said-property at $300, and we also assess the damages sustained by him by reason of the detention of said property, at $499. We assess the whole amount of his recovery at $799."

On the 8th day of September, 1885, judgment was given for the defendant for a return of the property taken on said writ of replevin, and that he have and recover of the plaintiff the sum of $499, his damages for withholding the same, or in case a return of said property cannot be had, the defendant have and receive from the plaintiff the sum of $300, the value of said property, and his damages for withholding the same, assessed at $499, and costs of suit, taxed at $213.60.

Defendant then offered to remit $35, being the interest on the value of the property wrongfully held by the plaintiff in replevin.

The cause was brought to this court on error by the plaintiff, who assigns the following errors:

"1st. The court erred in overruling the motion of the plaintiff to require the defendant to make his answer more definite, by showing whether the defendant affirmed or rescinded the contract and warranty of 1882 set forth in his answer.

"2d. The court erred in allowing the defendant to give evidence of a warranty for the year 1881.

"3d. The court erred in refusing to give the second instruction asked by the plaintiff.

"4th. The court erred in refusing to give the third instruction asked by the plaintiff.

"5th. The damages assessed by the jury are excessive and contrary to the law of the case.

" 6th.   The court erred in overruling a motion of the plaintiff for a new trial."

The first assignment of error cannot be sustained.   Had the plaintiff's motion, instead of being to require the defendant to make his answer more definite and certain, been to strike out all of the answer, except the general denial, as redundant matter, it would, as I understand the law, have been sustained.   The essential allegation of the plaintiff's petition is his " right to the immediate possession of said mules."   Under the general denial contained in the first paragraph of the defendant's answer, he could prove any fact which tended to controvert the said right of possession, and it was not necessary to set up the warranty or breach thereof in order to the admission of evidence of such warranty and breach for the purpose of disproving the plaintiff's claim of the right of possession of the property replevied.   See *School Dist. v. Shoemaker*, 5 Neb., 36. *Creighton v. Newton*, Id., 100.   *Hedman v. Anderson*, 8 Id., 180.   *Ferrell v. Humphrey*, 12 Ohio R., 113.   And *Oaks v. Wyatt*, 10 Id., 344.

The above remarks will also apply to the second assignment of error.   As we have seen, without an answer in the nature of a special plea, the defendant could give in evidence any warranty of said machine which had been made by the plaintiff.   If such warranty had been received in evidence, and had been rescinded by virtue of a subsequent contract between the parties, that was a matter of rebuttal to be proved by the plaintiff.

The third and fourth assignments are based upon the refusal of the court to give the second and third instructions prayed by the plaintiff.

I copy the instructions as prayed.

" II.   The court instructs you that if you find from the testimony that the consideration of the chattel mortgage under which the plaintiff claims a special ownership in the property therein described was an extension of time of

payment on the three promisory notes introduced in evidence, or if you find that the said extension of time was a part of said contract for said chattel mortgage, then you will find for the plaintiff.

"III. The defense in this case is, that in the year 1882 the plaintiff gave to the defendant a contract and warranty by the terms of which the plaintiff agreed to satisfactorily make work, for the harvest of 1882, the harvester and self-binder sold to said Stichler in the harvest of 1881, on condition that if the binder does not perform its work as well as any binder manufactured, or any other trouble that might arise from its working, notice must be given and time allowed to send a man to put it in order. If it fails to work after this, and with due diligence and care shown, the machine is to be returned to our agency at St. Paul, Nebraska, and notes given for it shall be returned.

"The contract and warranty of plaintiff was upon condition, and these conditions must have been performed · by the defendant in order to charge the plaintiff. That is, if the machine failed to work satisfactorily, the defendant must have notified the plaintiff of that fact, and then if the plaintiff failed to send a man to put it in order, or, having sent a man, failed to make it work satisfactorily, then it was the duty of the defendant to return said machine to the agency of Aultman, Miller & Co., at St. Paul, Nebraska; and if you find from the evidence that the defendant failed to do this during the harvest of 1882, then, and in that case, the defendant cannot recover on said contract and warranty set forth in his answer."

There was evidence tending to prove that the defendant purchased the machine of plaintiff for which the notes were given in 1881; that the plaintiff warranted the machine by a printed warranty; that in the harvest of said year the machine failed to comply with the warranty, or to do good work; that defendant notified the local agents of the plaintiff of the failure of the machine to comply

with the terms of the warranty, or to do good work, to which no attention was paid. It also appears from the evidence that on or about the 7th day of June, 1882, the agent of the plaintiff went to the house of the defendant for the purpose of collecting the notes given for the said machine. Thereupon the defendant again called the attention of said agent to the failure of said machine to comply with the terms of said warranty or to do good work, which deficiency in the machine was admitted by the said agent, whereupon, in consideration of the giving of the chattel mortgage referred to in the petition by the defendant to secure the said notes, the said agent on the part of the plaintiff agreed to repair the said machine and put it in good working worder for the then approaching harvest, and thereupon executed and delivered to the defendant the warranty called the second or 1882 warranty, of which the following is a copy:

"ST. PAUL, Neb., June 7, 1882.

" We herein agree with L. I. Stichler to satisfactorily make work for the harvest of 1882, the harvester and self-binder sold to said Stichler in harvest of 1881, on consideration that if binder does not perform its work as well as any binder manufactured, or any other trouble that might arise from its working, notice must be given us and time allowed a man to put in order. If it fails to work after this, and due diligence and care shown in its management, the machine is to be returned to our agency at St. Paul, and notes given for it shall be returned." Signed by the plaintiff per agent.

The defendant at the same time, in consideration that plaintiff would put the said machine in good working order according to the terms of the said warranty, that the machine would do good work when so put in order, executed and delivered the chattel mortgage, to foreclose which this suit was brought. It further appeared that the plaintiff failed to put said machine in order, or to do anything with it whatever.

That defendant wrote to the agents of the plaintiff to put said machine in order, but they failed to respond or to again come to the defendant's place until they came to replevy the mortgaged property.

At the argument and consultation we were all of the opinion that it was the true construction of the above warranty that the plaintiff was, in the first place, and without further notice or request, to put the machine in working order for the harvest of 1882, and that the condition of notice giving time for a man to remedy further defects, etc., only applied to defects which might thereafter be developed. After further and careful consideration of the terms of the warranty, and the evidence applicable thereto, I adhere to that construction. With these views of the evidence we must hold that the instructions were properly refused.

The fifth assignment must be in part allowed to the extent of modifying the judgment.

In the case of *Romberg v. Hughes*, 18 Neb., 579, we held that "In replevin, damages for the detention of the property are recoverable only in case of a return. If the property is not returned the measure of damages is the value of the property as proved together with lawful interest thereon from the date of the unlawful taking." Following that case, as we must, believing it to express the law, we must hold that the damages awarded by the verdict are excessive, unless the property can be returned to the defendant. And even if it can be returned we were all of the opinion at the argument that three hundred dollars damages was as large a verdict, in addition to the value of the property as found, as could be sustained.

In case, therefore, that the defendant shall, within forty days from the filing of this opinion, enter a remittitur in this court, of all damages except seven per cent interest on the amount of the value of the property as found ($300) from the date of the taking to the date of such filing of this

opinion in case the property replevied cannot be returned, or in case the same can be and is returned, then, of all damages in excess of three hundred dollars with interest thereon from the date of the judgment in the court below, then the judgment to stand affirmed as to the value of the property as found, and the damages in either event not remitted, otherwise the judgment will stand reversed, and the cause to be remanded for further proceedings.

JUDGMENT ACCORDINGLY.

THE other judges concur.