Owen, C. J.
The plaintiff alleged in his petition his ownership, his right to the immediate possession, and the unlawful detention by the defendant, of the goods in question. If he was able to make these facts appear, he was entitled to a verdict, no matter what facts outside of or beyond these the proof disclosed. It is impossible to conceive of a state of facts or condition of circumstances which would have entitled the defendant to a verdict, if the statements íd the petition were true; that is, if the plaintiff owned the goods; if he was entitled to the immediate possession of them, and the defendant *659 unlawfully detained them from his possession, a lawful verdict for the defendant would have been an impossibility.
The defendant denied, and thereby put the plaintiff upon his proof of, all of these averments. Proof that the defendant was the owner of the goods, was, at the same time, proof that the plaintiff was not. Proof that the defendant was, at the commencement of this action, entitled to the possession of the goods, was also proof that the plaintiff was not. Proof that the defendant legally and rightfully held the goods in his possession, also established that he did not unlawfully detain them from the possession of the plaintiff. All this proof was directly and clearly responsive to the issue joined, and was not in the slightest degree in the nature of “new matter constituting defense, counter-claim or set-off.” The result was, simply, that the plaintiff failed to prove the facts stated in his petition and which were indispensable to his recovery. Proof that the attachment plaintiff was a creditor of the vendor or assignor of Bailey, and that as against himself, the former obtained no valid title to the goods, by reason of fraud in the sale, was directly responsive to the issue.
It is no answer to this to say that the plaintiff’s title, even, if fraudulently acquired, was good between the parties to the transfer, and as against all the world except creditors. For while this is true, the issue was joined with a creditor. The plaintiff voluntarily challenged an inquiry into the right of a creditor to seize the goods in satisfaction of his debt against the plaintiff’s fraudulent assignor. Even if the relation of' creditor had been absent from the controversy, the rule of' pleading would not have been changed, for in that case proof of the fraudulent transfer would have been entirely irrelevant,, and no form of pleading could have rendered it admissible.
While no rule of pleading peculiar to replevin proceeding» is expressly prescribed by the statute, it seems quite clear from its provisions that they contemplate that the trial shall proceed in any case upon an issue substantially in the form adopted in the case at bar. Section 5826 provides that: “ When the property is delivered to the plaintiff, * * * if the jury, upon issue joined, find for the defendant, they shall. *660 also find whether the defendant had the right of property, or the right of possession only, at the commencement of the suit; and if they find either in his favor, they shall assess to him such damages as they think right and proper, for which, with costs of suit, the court shall render judgment for the defendant.” This provision requires the jury, after finding upon the issue joined for the defendant, to proceed to find if the right by which he detained the property, was a proprietary or simply a possessory right, and in either case to assess to him such damages as they think right and proper. This provision was abundant notice to the plaintiff that if the property should be delivered to him, and he should fail to establish a right of possession superior to that of the defendant, the jury would be called upon, in that action, to ascertain the defendant’s interest in the property with a view to an assessment of his daxnages.
We are not left without the light of adjudication to aid us in solving the question at bar.
Section 7 of an act passed in 1831 (Swan Stat. 1841, p. 786), provided:
“That in all cases, upon issue joined, where the jury shall find for the defendant, they shall also find, whether the defendant had the right of property in the goods and chattels, or the right of possession only, at the commencement of suit; and if they shall find either in his favor, they shall assess such damages as they may think right and proper for the defendant, on which, with costs of suit, judgment shall be rendered by the court.”
As showing the view of this statute, taken by this coui’t, we cite the case of Oaks v. Wyatt, 10 Ohio, 344.
“ This was an action of replevin. The declaration was in the common form. Plea, non detinet. On the trial, befox-e Judges Lane and Grimke, in the county of Cuyahoga, the defendant offered to prove that he levied upon and held the property in dispute, as a constable, by virtue of three executions against the goods and chattels of one George B. Sperring. The plaintiff objected to the admission of this testimony under the issue of non detinet, without special plea, or notice. The *661 objection was ovei’ruled, and a bill of exceptions taken.” Application was made for tbe allowance of a writ of error, but refused.
This case was followed and approved in the case of Ferrell v. Humphrey, 12 Ohio, 113. It was said in that case : “In the action of replevin, under our statute, the jury are bound to inquire into the right of property, and right of possession, of the defendant, in the goods and chattels in controversy, and if they shall find him entitled to either, they shall assess such damages as are right and proper. Swan Stat. 786. Both these questions are put in issue by the plea of non detinet, as was decided by this court on application for a writ of error, in the case of Oaks v. Wyatt, 10 Ohio, 344.”
These adjudications are a negative answer to the claim of counsel that when an officer would seek to justify his possession of chattels, by proving a seizure of them under a writ held by him, he must first plead it. So far as it affects the question before us, section 184 of the original code of civil procedure was substantially like the present section 5826 of the Revised Statutes, already quoted. The code commissioners said of the replevin chapter of the proposed code submitted by them: “ IVe have done little more than copy the old acts. Where the property is taken, the proceedings will be the same in substance as now.” Indeed, there is no such charge in the statutes concerning replevin as to suggesst a different rule of pleading from that indicated in Oaks v. Wyatt, supra.
The decided weight of adjudication in other states whose statutes are substantially like our own, is found to support the view adopted by the courts below. School District v. Shoemaker, 5 Neb. 36; Creighton v. Newton, 5 Neb. 100; Richardson v. Steele, 9 Neb. 483. In the latter case the court say: “ Whatever may have been the law formerly, or may be now, in those states which have not materially departed from the common law system of pleading, it must be considered as settled both in this state and in Ohio, whose code and practice we have in great measure followed, that in replevin a general denial puts in issue every material allegation of the petition, and under it the defendant may give evidence of any *662 special matter which, amounts to a defense to the plaintiff’s cause of action.”
Sopris v. Truax, 1 Col. 89; The court say in this case: “ The rule which requires that fraud be specially pleaded does not apply to the action of replevin.”
To the same effect is Snook v. Davis, 6 Mich. 156. The action was replevin. The defendant pleaded the general issue. Plaintiff offered his evidence, including a written instrument purporting to evidence the transfer of the property in question from one Robertson to plaintiff, and rested his case.
The defense gave in evidence, under exception, a judgment in the United States district court for Michigan, in favor of Messrs. Peckhams against Robertson, in the year 1852, by virtue of an execution upon which the defendant Golby, as special deputy of Davis, who was United States marshal, took the goods as the property of Robertson. Defendants also gave evidence tending to show, as they claimed, that the agreement before cited (that put in evidence by plaintiff), was fraudulent in fact, as against the creditors of Robertson, and was intended as a mere cover to protect the property of Robertson from legal process in favor of his creditors.
The court held the defense admissible without notice.
In Jansen v. Effey, 10 Iowa, 227, it was held that: “The peculiar common law pleadings in replevin do not exist under our present system. In order to constitute the plaintiff’s right on the face of his petition, he is to allege certain things, such as the right of possession, which may include that of property, the wrongful detention, and that it was not taken by legal process; if it was, that it was exempt. A denial of these and putting them in issue, is sufficient, and the plaintiff is to maintain his claim and right set up in the petition, and there is no such technical effect to be given the answer as was given to some of the common law pleas.”
Holmberg v. Dean, 21 Kan. 73, was a case like the one at bar in all material respects. It was held that under a general denial in replevin the defendant could prove a levy by himself as sheriff, and that the plaintiff’s title is fraudulent and void as to creditors. Also in Branch v. Wiseman, 51 Ind. 1, it *663 was held that the defendant in a replevin case may, under a general denial, show title in a third person, or introdnce any competent evidence tending to prove that the title is not in the plaintiff. As in the case at bar, the defendant below had proved a levy by himself as an officer.
This view is also sustained by Staubach v. Rexford, 2 Mont. 566; Verry v. Small, 16 Gray, 121.
Counsel for plaintiff in error relies upon Pomeroy’s Rem., sec. 678, et seq., where it is said that under a general denial in replevin the defendant cannot show that the plaintiff’s title is fraudulent and void as against his creditors, nor can he justify as sheriff under process against A., and assert that the goods were the property of A., fraudulently transferred to the plaintiff. The two eases cited and relied upon to support this view are Frisbee v. Langworthy, 11 Wis. 375; and Glazer v. Clift, 10 Cal. 303.
These cases contain no allusion to local statutes, while the California case is expressly put upon what was conceived to have been the common law rule of pleading in such cases.
The courts below were right. This conclusion renders unnecessary the consideration of other questions of practice presented by the record.

Judgment affirmed.