Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/04/2019 08:08 AM CDT

Foundation One Bank, a banking corporation,
appellant, v. Jason Svoboda, an individual,
et al., appellees, and Lehr, Inc.,
intervenor-appellee.

___ N.W.2d ___

Filed July 12, 2019.    No. S-18-784.

1. **Judgments: Pleadings.** A motion for judgment on the pleadings is prop-
erly granted when it appears from the pleadings that only questions of
law are presented.

2. **Jury Instructions: Proof: Appeal and Error.** To establish reversible
error from a court's failure to give a requested jury instruction, an appel-
lant has the burden to show that (1) the tendered instruction is a correct
statement of the law, (2) the tendered instruction was warranted by the
evidence, and (3) the appellant was prejudiced by the court's failure to
give the requested instruction.

3. **Jury Instructions: Appeal and Error.** Where jury instructions are
claimed deficient on appeal and such issue was not raised at trial, an
appellate court reviews for plain error.

4. **Appeal and Error: Words and Phrases.** Plain error exists where there
is an error, plainly evident from the record but not complained of at
trial, which prejudicially affects a substantial right of a litigant and is of
such a nature that to leave it uncorrected would cause a miscarriage of
justice or result in damage to the integrity, reputation, and fairness of the
judicial process.

5. **Directed Verdict: Appeal and Error.** A directed verdict is proper at the
close of all the evidence only when reasonable minds cannot differ and
can draw but one conclusion from the evidence, that is, when an issue
should be decided as a matter of law.

6. **Rules of the Supreme Court: Pleadings: Moot Question.** A denial
of a motion for judgment on the pleadings under Neb. Ct. R. Pldg.
§ 6-1112(c) is generally moot on appeal after the case has been tried on
the merits.

7. **Fraud: Proof.** A proper fraudulent misrepresentation claim requires a party to prove that (1) a representation was made; (2) the representation was false; (3) when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) the representation was made with the intention that the plaintiff should rely on it; (5) the plaintiff did so rely on it; and (6) the plaintiff suffered damage as a result.

8. **Directed Verdict.** In a motion for directed verdict, the moving party admits the truth of all well-pleaded facts, together with all reasonable inferences to be drawn therefrom.

9. **Replevin: Damages.** In a replevin case, when a defendant or intervenor is found to have ownership and right of possession of property, the replevin statutes necessarily place the issue of damages at issue.

Appeal from the District Court for Platte County: Robert R. Steinke, Judge. Affirmed.

Aaron F. Smeall and Jacob A. Acers, of Smith, Slusky, Pohren & Rogers, L.L.P., for appellant.

Brian J. Brislen, Eric W. Tiritilli, and Karson S. Kampfe, of Lamson, Dugan & Murray, L.L.P., for intervenor-appellee.

No appearance for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.
## I. NATURE OF CASE
The plaintiff, Foundation One Bank (Foundation One), appeals from the judgment entered by the district court for Platte County upon the verdict of the jury in favor of defendant-intervenor, Lehr, Inc. Foundation One sought replevin of two motor vehicles pledged by Jason Svoboda as collateral to secure payment of a loan. Lehr intervened in the case and sought possession of the motor vehicles. The jury determined that Lehr was entitled to possession of two disputed motor vehicles, and because Foundation One had

sold one of the vehicles for $95,000, the jury awarded Lehr $95,000. Foundation One claims that the district court erred in several respects in connection with its jury instructions and when it denied Foundation One's motions for judgment on the pleadings and for a directed verdict. We affirm and, in so doing, reiterate that in a replevin case, a defendant or intervenor's general denial and assertion of ownership necessarily place the questions of possession, ownership, and damages before the jury under Neb. Rev. Stat. § 25-1093 et seq. (Reissue 2016).

## II. STATEMENT OF FACTS

In 2016, Svoboda sought a commercial loan from Foundation One for his struggling automobile business. Svoboda had been in the automobile business before, operating as RPM Motors, Inc., an entity which had become an inactive Nebraska corporation. Svoboda claimed he needed a loan to consolidate debt from that business. On March 25, 2016, Svoboda and Foundation One executed a promissory note and commercial security agreement for a $200,000 loan. Svoboda offered various motor vehicles as collateral to secure the loan, and purported to grant Foundation One a security interest in that property, including a 2005 Mack CV 713 Truck (2005 Mack) and a 2014 Mack GU 800 Conventional Cab (2014 Mack). The present dispute between the parties concerns only the 2005 Mack and the 2014 Mack.

Svoboda provided Foundation One with a manufacturer's certificate of origin (MCO) for the 2005 Mack and a certificate of title for the 2014 Mack. The MCO for the 2005 Mack showed the original transfer from Dallas Mack Sales, L.P., to Lehr on February 24, 2005, followed by an undated transfer from RPM Motors to "RPM Motors/Jason Svoboda." Notably, the MCO contained a gap; the assignments on the MCO did not include a transfer from Lehr to RPM Motors. The title for the 2014 Mack indicated it had been purchased by Svoboda from RPM Motors on December 30, 2013.

In an attempt to protect its priority to a lien on the vehicles, and as part of the $200,000 loan between Foundation One and Svoboda individually, Foundation One paid off other liens on the disputed motor vehicles totaling $85,141.40.

Svoboda soon defaulted on the promissory note. After receiving numerous reports of fraudulent behavior, the Nebraska Motor Vehicle Industry Licensing Board closed RPM Motors in March 20l6. Svoboda was ultimately convicted of title fraud for obtaining a second MCO on a vehicle and pledging both MCO's to separate banks as collateral to secure loans.

Foundation One filed a replevin action in the district court for Platte County to recover the collateral pledged as security for the loan to Svoboda. Lehr was not named among the defendants. The district court determined that Foundation One was entitled to possession of the property and entered an order of delivery.

At this point, Lehr moved to intervene, alleging that "at all relevant times herein, . . . Lehr . . . was the owner of record and in possession of: 2014 Mack and 2005 Mack." Lehr further alleged that Svoboda had fraudulently claimed title on the vehicles when he pledged them to Foundation One as collateral for the loan.

The district court permitted Lehr to intervene and partially granted its motion to reconsider the order of replevin. The district court vacated its order with regard to the 2005 Mack, but overruled Lehr's motion with regard to the 2014 Mack and other collateral. Foundation One replevied the 2014 Mack and sold it for $95,000.

Prior to trial, Foundation One filed a motion for judgment on the pleadings against all defendants. With regard to Lehr, Foundation One generally argued that Lehr could not obtain relief on its complaint in intervention, because within the body of the pleading, Lehr sought declaratory relief and the 2014 Mack had already been sold. The district court granted judgment on the pleadings regarding the original

defendants and denied the motion with regard to Lehr's complaint in intervention.

A jury trial was held in May 2018. Evidence submitted at trial showed that Lehr is a corporation owned by the Lehr family and operates a feeding and livestock business in Platte County. With respect to the 2005 Mack, on February 24, 2005, Lehr purchased the 2005 Mack from Dallas Mack Sales. Dallas Mack Sales transferred title to the 2005 Mack to Lehr through an MCO, and Lehr obtained a title to the 2005 Mack. This title was dated before the sale and issuance date of the Foundation One "title" it received from Svoboda. With respect to the 2014 Mack, on June 12, 2013, Lehr purchased the 2014 Mack from RPM Motors, the auto business formerly owned by Svoboda and for which Lance Lehr (Lance) was working at the time as a salesperson. Lehr received a title to the 2014 Mack showing RPM Motors as the seller and Lehr as the purchaser. Lance and his father testified that they never gave Svoboda the title to the 2014 Mack after they received it and did not give Svoboda any rights or interest in either the 2005 Mack or the 2014 Mack.

Lance testified that the 2005 Mack and the 2014 Mack remained in Lehr's possession on its premises and were used by the family at the feedlot every day. In particular, to feed their cattle, Lehr attached auger mixing containers, known as boxes, to the trucks' chassis.

At the close of evidence, Lehr and Foundation One each moved for a directed verdict. The court overruled both motions. No evidence was submitted thereafter.

Both Foundation One and Lehr submitted proposed jury instructions, but only one of Foundation One's requested instructions is relevant to this appeal. Foundation One requested an instruction that Lehr had the burden of proof to show Svoboda committed fraud against Lehr by pledging the vehicles. However, Lehr's position throughout the case has been that Svoboda committed fraud only against Foundation

One. The court rejected all of the proposed jury instructions and used its own instructions.

The jury determined that Lehr was entitled to possession of the two disputed motor vehicles and was entitled to damages in the amount of $95,000 as a result of Foundation One's sale of the 2014 Mack. The district court entered judgment according to the verdict.

Foundation One appeals.

## III. ASSIGNMENTS OF ERROR

On appeal, Foundation One claims, restated, that the district court erred when it rejected its proposed instruction regarding fraud, failed to instruct the jury on various issues, and failed to grant its motions for judgment on the pleadings and for a directed verdict. With regard to the jury instructions, Foundation One contends, inter alia, that the jury should have received information on (1) the weight given to a certificate of title or MCO, (2) when a party may receive an offset for damages for a special benefit conferred, (3) the burden of proof for an affirmative defense of fraud, and (4) which party must suffer the loss between two innocent victims of fraud.

## IV. STANDARDS OF REVIEW

[1] A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only questions of law are presented. *Denali Real Estate v. Denali Custom Builders*, 302 Neb. 984, 926 N.W.2d 610 (2019).

[2] To establish reversible error from a court's failure to give a requested jury instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction was warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the requested instruction. *Armstrong v. Clarkson College*, 297 Neb. 595, 901 N.W.2d 1 (2017).

[3,4] Where jury instructions are claimed deficient on appeal and such issue was not raised at trial, an appellate

court reviews for plain error. See *Kuhnel v. BNSF Railway Co.*, 287 Neb. 541, 844 N.W.2d 251 (2014). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Id*.

[5] A directed verdict is proper at the close of all the evidence only when reasonable minds cannot differ and can draw but one conclusion from the evidence, that is, when an issue should be decided as a matter of law. *Denali Real Estate v. Denali Custom Builders, supra*.

Appellate courts independently decide questions of law. *Id*.

## V. ANALYSIS

As explained below, we find no merit to Foundation One's assignments of error regarding denial of its pretrial motion for judgment on the pleadings, its four claims regarding jury instructions, and denial of its motion for a directed verdict.

### 1. Motion For Judgment on the Pleadings

[6] Foundation One claims that the district court erred when it denied its pretrial motion for judgment on the pleadings with respect to Lehr. A denial of a motion for judgment on the pleadings under Neb. Ct. R. Pldg. § 6-1112(c) is generally moot on appeal after the case has been tried on the merits. See *Denali Real Estate v. Denali Custom Builders, supra*. That principle applies here, and this assignment of error is without merit.

The thrust of Foundation One's argument seems to be that Lehr's mention of declaratory relief in its "Complaint in Intervention" precluded the relief of possession and damages. As we discuss below in our analysis of the denial of the directed verdict, the issues of possession and damages were

integral to the resolution of the case after Lehr intervened. See *School District v. Shoemaker*, 5 Neb. 36 (1876).

## 2. JURY INSTRUCTIONS

### (a) Proposed Jury Instruction on "Affirmative Defense of Fraud"

Foundation One claims that the district court erred when it rejected its proposed jury instruction to the effect that Lehr had the burden of proof to establish that Svoboda committed a fraud on Foundation One. In this case, Lehr had no such burden and, even if it did, Foundation One's proposed instruction was an incorrect statement of the law.

As stated above, to establish reversible error from a court's failure to give a requested jury instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction was warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the requested instruction. *Armstrong v. Clarkson College, supra*.

Foundation One's proposed instruction stated, inter alia, that Lehr has the burden of proving, by the greater weight of the evidence, each and all of the following:

1. That Svododa made the claimed representation [to Foundation One];

2. That the representation was false;

3. That the representation was made fraudulently;

4. That when Svoboda made the representation, he intended it would be relied upon;

5. That this representation substantially contributed to [Foundation One's] decision to enter into the Promissory Note and Security Agreement.

[7] This suggested instruction omits several elements necessary to the assertion of a fraudulent misrepresentation claim. A proper fraudulent misrepresentation claim requires a party to prove that (1) a representation was made; (2) the representation was false; (3) when made, the representation was known

to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) the representation was made with the intention that the plaintiff should rely on it; (5) the plaintiff did so rely on it; and (6) the plaintiff suffered damage as a result. See *Cullinane v. Beverly Enters. - Neb.*, 300 Neb. 210, 912 N.W.2d 774 (2018). With respect to element (5) above, the reliance by the plaintiff on the representation must be justifiable. *InterCall, Inc. v. Egenera, Inc.*, 284 Neb. 801, 824 N.W.2d 12 (2012). Foundation One's proposed instruction omitted the elements of reasonable reliance by and damages to the plaintiff and was not a correct statement of the law.

Even if the claims alleged in the complaint in intervention or the evidence admitted at trial could have supported a fraudulent misrepresentation instruction in this case, Foundation One's proffered instruction is not a correct statement of the law. Accordingly, the district court properly rejected the fraud instruction proposed by Foundation One.

### (b) Other Jury Instructions

Foundation One next claims that the district court erred by failing to instruct the jury (1) that possession of a title is prima facie evidence of ownership, (2) that the jury could consider Foundation One's payments on the vehicles' liens when it calculated damages, or (3) on the law regarding fraud perpetuated against two innocent parties. None of these instructions were requested by Foundation One. Because Foundation One raises issues regarding these instructions for the first time on appeal, we review for plain error. See *Kuhnel v. BNSF Railway Co.*, 287 Neb. 541, 844 N.W.2d 251 (2014). We do not find plain error.

With regard to the instruction pertaining to the effect of the MCO and title to the vehicles, the evidence was undisputed that neither Svoboda nor Foundation One had possession of the 2005 Mack or the 2014 Mack. Under Neb. Rev. Stat. § 60-140 (Cum. Supp. 2008), in the absence of physical possession of the vehicles, Foundation One did not gain an interest or right to

the vehicles through the MCO and title it offered at trial. The relevant portion of § 60-140(1) provides:

> [No] person acquiring a vehicle from the owner thereof . . . shall acquire any right, title, claim, or interest in or to such vehicle until the acquiring person has had delivered to him or her physical possession of such vehicle and (a) a certificate of title or a duly executed manufacturer's or importer's certificate with such assignments as are necessary to show title in the purchaser . . . .

According to the evidence, on its face, the MCO for the 2005 Mack showed a break in the chain of ownership between Lehr and Svoboda and did not show clear title in Foundation One. For the several reasons recited above, an instruction on the effect of entitlement by virtue of a title was not warranted by the evidence.

With regard to Foundation One's assignment of error regarding calculation of damages, we find no prejudice. The jury was provided all the evidence it needed to calculate damages if it was so inclined. The jury received evidence of the 2014 Mack's purchase price, replacement value, and sale value; the value of the box; and the liens paid on both vehicles as part of the terms of the loan to Svoboda. The jury ultimately made special findings with regard to damages and "how much money it will take to compensate Lehr for the conversion of the 2014 Mack." Because the jury had all the evidence related to the financial consequences related to the vehicle, Foundation One was not prejudiced by purported omission of further instructions on the calculation of damages.

With respect to Foundation One's assertion that the district court should have instructed the jury about the law when fraud is perpetrated against two innocent parties, this instruction is not warranted by the evidence. Although Lehr asserted that Foundation One was defrauded, Lehr did not allege nor was there evidence that Lehr was also a victim of fraud. Thus, the proposed instruction would not have been appropriate.

We find no plain error in the district court's purported failure to give the jury instructions first proposed on appeal, because they were not supported by the evidence or did not prejudice any party.

### 3. Motion for Directed Verdict

Finally, Foundation One contends that the district court erred when it overruled its motion for a directed verdict, because it claims the complaint in intervention sought a declaration of the rights of the parties but did not seek appropriate relief. The factual basis for Foundation One's position was the fact that the 2014 Mack had already been replevied and sold by Foundation One. Foundation One thus claims a mere declaration of rights would be meaningless relief. Foundation One misconstrues the "Complaint in Intervention" and the law of replevin. It was not error to overrule the motion for a directed verdict.

[8] As stated above, a directed verdict is proper at the close of all the evidence only when reasonable minds cannot differ and can draw but one conclusion from the evidence, that is, when an issue should be decided as a matter of law. *Denali Real Estate v. Denali Custom Builders*, 302 Neb. 984, 926 N.W.2d 610 (2019). In a motion for directed verdict, the moving party admits the truth of all well-pleaded facts, together with all reasonable inferences to be drawn therefrom. See *id*.

Taken together, the pleadings properly placed possession and ownership of the 2005 Mack and the 2014 Mack, along with damages for the sale of the 2014 Mack, before the jury. Under our replevin statutes, § 25-1093 et seq., a plaintiff may initially obtain delivery of claimed property, but a defendant who succeeds at trial will obtain the return of his or her property and damages. See § 25-10,103. Further, in a situation like the one presented here, where the property is no longer in the possession of the plaintiff, § 25-10,104(1) provides that the judgment "shall be for a return of the property or the value

thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property and costs of suit."

[9] We have long held that in a replevin case, when a defendant or intervenor is found to have ownership and right of possession of property, the replevin statutes necessarily place the issue of damages at issue. In *School District v. Shoemaker*, 5 Neb. 36 (1876), we considered a case where a defendant in a replevin action had not specifically prayed for damages. We noted that under an earlier version of the replevin statute, the law places before the jury both the questions of who possesses the property and what are the just and proper damages for the defendant. *Id*. We held that it remained the law that a general denial by a party in a replevin action is sufficient to require the fact finder to consider damages upon finding that a party is entitled to the possession of property. *Id*. The principle logically applies to a party appearing by intervention. Regarding the issues before the jury in *School District v. Shoemaker*, we summarized the law and stated:

> [The] law is mandatory, and therefore the jury are "bound to inquire into the right of property, and the right of possession of the defendant, and if they shall find him entitled to either, they shall assess such damages as are right and proper." Under the statute both these questions are in issue and are subjects of inquiry by the jury, whether the defendant pleads a general denial, or new matter as a defense, or a demand for damages.

5 Neb. at 38. See § 25-10,103.

The factual allegations in Lehr's complaint in intervention mandated that the jury consider both possession and damages once Lehr asserted ownership of the property in this replevin action. See § 25-10,103. Resolving every controverted fact in Lehr's favor and giving it the benefit of every inference, reasonable minds could conclude Lehr was entitled to ownership and possession of the 2005 Mack and the 2014 Mack. Such findings would be sufficient to entitle Lehr to relief, including

damages, plus "the value of [its] possession," since the 2014 Mack could not be returned. See § 25-10,104(1). The district court did not err when it overruled Foundation One's motion for a directed verdict in its favor.

## VI. CONCLUSION

Following a jury trial, judgment was entered in favor of Lehr. Foundation One's pretrial motion for judgment on the pleadings is moot under the circumstances. Foundation One's proposed instruction regarding fraud was not a correct statement of the law, and Foundation One was not prejudiced by the district court's rejection of the instruction. With regard to jury instructions suggested for the first time on appeal, we find no plain error. Finally, because of the nature of a replevin action, under § 25-1093 et seq., the jury in this case necessarily decided issues of possession of the contested vehicles and, on finding in favor of Lehr, damages. The district court did not err as a matter of law when it overruled Foundation One's motion for a directed verdict in its favor. Accordingly, we affirm the judgment of the district court.

AFFIRMED.